**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiffs,
    MARIA TAPIA, LIDIA RIOS, SALVADOR MORA, and HILDA AMBRIZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TAPIA, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; LIDIA RIOS, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; SALVADOR MORA, an individual, on behalf of himself, other current and former aggrieved employees, and the State of California, as a private attorneys general; HILDA AMBRIZ, an individual, <br><br>              Plaintiffs, <br><br> vs. <br><br> BRAIFORM ENTERPRISES | ) Case No.: 8:19-cv-02434-JVS-DFM <br> ) **Honorable James V. Selna** <br> ) <br> ) **PLAINTIFFS' NOTICE OF MOTION** <br> ) **AND MOTION FOR AN ORDER** <br> ) **LIFTING THE STAY, FINDING** <br> ) **DEFENDANT IN DEFAULT OF THE** <br> ) **ARBITRATION PURSUANT TO** <br> ) **C.C.P. § 1281.97 AND AWARDING** <br> ) **SANCTIONS; MEMORANDUM OF** <br> ) **POINTS AND AUTHORITIES IN** <br> ) **SUPPORT THEREOF** <br> ) <br> ) *[Concurrently submitted with the* <br> ) *Declaration of Kunal Jain in support* <br> ) *thereof; Proposed Order]* <br> ) <br> ) **DATE: DATE: July 20, 2020 (For** <br> ) **Calendaring Deadlines Only)** <br> ) **TIME:  1:30 p.m.** |

| INCORPORATED, a New York corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | ) **COURTROOM: 10C**<br>)<br>)<br>)<br>) |
|---|---|

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 20, 2020[1] at 1:30 P.M. , in the above-entitled Court, with the Honorable James V. Selna presiding, Plaintiffs Maria Tapia, Lidia Rios, Salvador Mora, and Hilda Ambriz (collectively, "Plaintiffs") will, and hereby do, move this Honorable Court to issue an order: 1) Lifting the stay and allowing Plaintiffs to proceed with litigation of their claims before this Court pursuant to *Cal. Code Civ. Proc. Code* § 1281.97(a)(1); 2) Finding Defendant Braiform Enterprises Incorporated, a New York corporation ("Defendant"), in default of the arbitration under *Cal. Civ. Proc. Code* § 1281.97 due to its failure to pay fees and costs required to commence the arbitration; 3) Finding that the statute of limitations with regard to all Plaintiffs' claims brought or that relate back shall be tolled as of Plaintiffs' first filing before this court; 4) Awarding monetary sanctions in the amount of $10,000.00 against Defendant pursuant to *Cal. Civ. Proc. Code* § 1281.99; and 5) For Defendant to show cause as to why default judgment should not be entered against it pursuant to *Cal. Civ.*

---

[1] In view of the General Orders and the Court's Local rules, all Motions and oral arguments Vacated due to the current COVID-19 Pandemic.  The date noticed herein allows the parties to schedule any deadlines for Oppositions and/or replies and will not require oral argument unless requested by the Court.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

*Proc. Code* § 1281.99(a)(2)(B).

This motion is made, in part, pursuant to: (1) *Cal. Civ. Proc. Code* § 1281.97; (2) *Cal. Civ. Proc. Code* § 1281.99; (3) Defendant's failure to pay fees and costs to initiate an arbitration proceeding; and (4) the American Arbitration Association's refusal to administer any future employment matter involving Defendant.

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Kunal Jain and all associated exhibits, the pleadings on file with this Court, any pleadings filed with the American Arbitration Association, and such other argument and evidence which may be presented at the hearing on this matter.  This motion is made pursuant to L.R. 7-3 in view of Plaintiffs' correspondence and Defendant's reply regarding this motion, which took place during the week of May 26, 2020 and June 1, 2020.

Dated:   June 16, 2020

Respectfully submitted,
**Jain Law Offices, P.C.**

s/ KunalJain
Kunal Jain
James Hanger
Attorneys for Plaintiffs,
Maria Tapia,
Lidia Rios
Salvador Mora, &
Hilda Ambriz

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

1

## <u>TABLE OF CONTENTS</u>

<u>INTRODUCTION</u>................................................................................1

<u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>....................................2

<u>ARGUMENT</u>....................................................................................5

    I.     THE STANDARD OF LAW GOVERNING FAILURE TO PAY
           FEES REQUIRED FOR AN ARBITRATION TO PROCEED...........5

          A.    Defendant Is in Default of the Arbitration, Materially Breached
               the Arbitration Agreement And Waived Its Right to Compel
               Due to Its Failure to Pay Initiation Fees Within 30 Days of the
               Due Date ................................................................7

          B.    Plaintiff Elects to Pursue its Claims Before This Court, and
               Requests an Order that All Claims Brought or That Relate
               Black to Any Claim Brought in Arbitration Be Tolled As of the
               Date of First Filing of the Claim in Any Court .........................8

    II.    PLAINTIFFS SEEK MONETARY SANCTIONS AGAINST
           DEFENDANT PURSUANT TO *Cal. Civ. Proc. Code § 1281.99*.......9

<u>CONCLUSION</u> ................................................................................11

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING
DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING
SANCTIONS

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal. 4th 83 .5

*Brown v. Dillard's, Inc.* (2005) 430 F.3d 1004 ....................................................5

*Hiken v. DOD*, 836 F.3d 1037, 1044 (9th Cir. 2016) ...............................................9

*Sink v. Aden Enterprises, Inc.* (2003) 352 F.3d 1197 ..............................................5

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ................................................................................9

## <u>Rules</u>

*Busines and Professions Code § 17200* ....................................................................2

*Cal. Civ. Proc. Code § 1281.97* ..................................................................... 6, 7, 8

*Cal. Civ. Proc. Code § 1281.99* ..................................................................8, 10

*Cal. Labor Code § 226* ................................................................................1

*Cal. Labor Code § 510* ................................................................................1

*Cal. Labor Code § 512* ................................................................................1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING
DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING
SANCTIONS

# INTRODUCTION

This is a wage and hour case where Plaintiffs Maria Tapia, Lidia Rios, Salvador Mora, and Hilda Ambriz (collectively "Plaintiffs") seek damages on behalf of themselves and all aggrieved employees against Braiform Enterprises, Inc. ("Defendant" or "Braiform") for clear and obvious violations of the California Labor Code. These obvious violations include, without limitation: (1) a policy requiring restroom breaks to be taken during rest or lunch breaks in violation of *Cal. Labor Code* §§ 512 and 226.7; (2) failing to include incentive bonuses when calculating overtime remuneration in violation of *Cal. Labor Code* § 510; (3) providing wage statements that identify an incorrect employer - a non-existent organization with an undeliverable address in violation of *Cal. Labor Code* § 226(a); and (4) numerous other wage statement violations under *Cal. Labor Code* § 226 which render all wage statements as confusing.

After Plaintiffs filed their complaint, Defendant aggressively pursued arbitration, filing a motion to compel and request to dismiss all individual claims alongside a request for a stay of all claims under the Private Attorneys General Act ("PAGA"). After this Court compelled arbitration of Plaintiffs individual claims, Plaintiffs promptly filed appropriate complaints for arbitration with the American Arbitration Association (the "AAA"). In the subsequent months however, Defendant failed to pay the arbitration fees required for arbitration to commence,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

despite repeated requests from Plaintiffs and AAA.  As a result, AAA issued notice that Plaintiffs' claims are closed and that Defendant cannot proceed in any future arbitration with AAA.  Moreover, Defendant's conduct has caused unreasonable delay and forced Plaintiffs to lose valuable time to conduct discovery to litigate their claims against Defendant.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### <u>Plaintiffs' Complaint and Defendant's Motion to Compel Arbitration</u>.

On December 17, 2019, *nearly six (6) months ago*, Plaintiffs filed a complaint in this Court alleging various violations of the Labor Code, claims under PAGA, and violations under *Business and Professions Code* section 17200. Electronic Case File ("ECF") No. 1.  Defendant, however, pursued an order requiring the individual claims to be adjudicated in arbitration.  ECF No. 10. On February 8, 2020, Defendant filed a motion to compel arbitration and requested dismissal of all claims under an arbitration agreement.  ECF No. 10.  As part of that motion, Defendant specifically argued that the arbitration agreement was not substantively unconscionable, since "There are no unreasonable costs of fees to Plaintiffs."  ECF No. 10, pg. 10 lines: 9-15.  Defendant further argued that the Arbitration Agreements expressly proved the '[t]he cost of the Arbitrator and other incidental costs of arbitration shall be borne by [Braiform Enterprises].  ECF No. 10, pg. 10 lines: 9-15.

On March 25, 2020, this Court Granted the Motion to Stay and Motion to

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

Compel Arbitration against Defendant.  ECF No. 15.  Importantly however, the Court denied Defendant's motion to dismiss all claims, and the Court retained jurisdiction over this matter.  ECF No. 15.

**Arbitration Complaints.**  As a result of that order, on April 13, 2020, Plaintiffs' counsel prepared and filed separate complaints on behalf of each plaintiff with AAA.  Jain Decl., ¶ 2, Exhibit 1.  On that same day, the arbitration Complaints were served on Defendant.  Jain Decl., ¶¶ 2-3, Exhibit 1.  In view of those filings and pursuant to the terms of the Arbitration Agreements, the AAA sent an initial notice to all parties, which, among other things, instructed Defendant to pay all initiation fees on or before May 7, 2020.  Jain Decl., ¶ 4, Exhibit 2. The notice further explained that failure to make payment by June 8, 2020 would result in each case being closed.  Jain Decl., ¶ 4, Exhibit 2.

**Threats of Bankruptcy.**  On April 20, 2020, Defense counsel requested a telephonic meet and confer regarding this matter.  Jain Decl., ¶ 5, Exhibit 5. Plaintiffs' counsel Kunal Jain spoke with defense counsel Drake Mirsch, who first indicated that Defendant may file for bankruptcy and then requested Plaintiffs agree to a stay of all proceedings.  Jain Decl., ¶ 6.  Plaintiffs' counsel refused to agree to this proposed stay absent more information, including the timing of the purported bankruptcy filing.  Jain Decl., ¶ 7.  Plaintiffs' counsel further explained that the stay may not be appropriate since PAGA claims are not dischargeable in bankruptcy, and

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

confirmed the conversation via email.  Jain Decl., ¶ 7, Exhibit 4.  In response, Defense counsel clarified that the type of insolvency proceeding that Defendant intended to pursue had not been decided at that time.  Jain Decl., ¶ 8, Exhibit 5. During the April 20, 2020 phone call, Defense counsel also explained that defense of claims in this proceeding were covered under an insurance policy.[2]

**Failure to Pay For Arbitration and Meet and Confer.**  Subsequently, Defendant failed to pay fees required to initiate the arbitration on or before the May 7, 2020 deadline.  Jain Decl., ¶ 11.  Accordingly, on May 26, 2020, Plaintiffs' counsel James Hanger sent an email to Defense counsel to meet and confer regarding the failure to pay.  Jain Decl., ¶ 12, Exhibit 7.  The email reiterated AAA's previous warning that a failure to pay the requisite fee by June 8, 2020 would result in AAA closing Plaintiffs' cases, and explained that such a close-out would leave Plaintiffs no choice but to file this motion.  Jain Decl., ¶ 13.  Defense Counsel provided no reply. Jain Decl., ¶ 14.  On June 3, 2020, Plaintiffs' counsel again followed up regarding the status of payment.  Jain Decl., ¶ 15, Exhibit 8.  Later that day, counsel for defense replied via email that there was no more information to provide.  Jain Decl., ¶ 16, Exhibit 9.  Subsequently, on June 9, 2020, AAA issued notice that each

---

[2] During the April 20, 2020 phone call, Defense counsel indicated that Plaintiffs' claims were covered by an insurance policy.  However, counsel was not certain as to the type of coverage: *i.e.* defense only, or liability.  Jain Decl., ¶ 10.  Accordingly, Plaintiff has now requested that Defendant provide further information regarding the insurance policy coverage. Jain Decl., ¶ 11, Exhibit 8.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

of the Plaintiffs' cases was closed for failure to pay fees, and that the AAA would refuse to administer any employment arbitration involving Defendant going forward. Jain Decl., ¶ 17, Exhibit 10.  In fact, the AAA has even request that Defendant remove the AAA from its arbitration agreements. Jain Decl., ¶ 17, Exhibit 10

Plaintiffs now bring this motion as a result of Defendant's aforementioned failure to pay fees required to initiate arbitration.

## ARGUMENT

## I.  THE STANDARD OF LAW GOVERNING FAILURE TO PAY FEES REQUIRED FOR AN ARBITRATION TO PROCEED

Prior to 2019, several cases addressed the meaning and effect of the payment of fees related to mandatory arbitration agreements.  Specifically, in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal. 4th 83, the California Supreme Court concluded that "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court."  In *Brown v. Dillard's, Inc.* (2005) 430 F.3d 1004, the United States Court of Appeals for the Ninth Circuit held that, under federal law, an employer's refusal to participate in arbitration pursuant to a mandatory arbitration provision constituted a breach of the arbitration agreement.  In *Sink v. Aden Enterprises, Inc.* (2003) 352 F.3d 1197, the

Ninth Circuit held that, under federal law, an employer's failure to pay arbitration

fees as required by an arbitration agreement constitutes a material breach of that

agreement and results in a default in the arbitration.

Given an employer's obligation to pay for arbitration, the state of California

felt that a company's strategic non-payment of fees and costs severely prejudices the

ability of employees or consumers to vindicate their rights. This practice is

particularly problematic and unfair when the party failing or refusing to pay those

fees and costs is the party that imposed the obligation to arbitrate disputes.

Accordingly, in 2019, California passed SB-707, which added *Cal. Civ. Proc. Code*

§§ 1281.97, 1281.98 and 1281.99 to affirm the *Armendariz, Brown, and Sink*

decisions.

Effective as of January 1, 2020, *Cal. Civ. Proc. Code* §1281.97 (a-c)  added,

in part, the following:

> **"(a)** In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.
> **(b)** If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following:
>> **(1)** Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.
>> **(2)** Compel arbitration in which the drafting party shall pay

reasonable attorney's fees and costs related to the arbitration.

**(c)** If the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction under paragraph (1) of subdivision (b), the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum…."

### A. <u>Defendant Is in Default of the Arbitration, Materially Breached the Arbitration Agreement And Waived Its Right to Compel Due to Its Failure to Pay Initiation Fees Within 30 Days of the Due Date</u>

Here, Defendant drafted the Arbitration Agreements and further confirmed that the Arbitration Agreements expressly require Defendant to pay the cost of the arbitrator and all incidental fees. ECF 10, pg. 10, lines 9-15.  This would necessarily include any initiation fees.  More importantly, upon receipt of Plaintiffs' arbitration complaints and the Arbitration Agreements attached thereto, AAA confirmed that Defendant was required to pay the initiation fees by May 7, 2020, as laid out in its initial notice to the parties.  Jain Decl., ¶ 4, Exhibit 2.  Thus, Defendant is bound by the rules of *Cal. Civ. Proc. Code* § 1281.97.

Moreover, Defendant is in default of each of the four Plaintiffs' Arbitration Agreements, materially breached each Arbitration Agreement, and waived any right to compel arbitration since it failed to pay the fees by June 8, 2020, *i.e.*, 30 days after the May 7, 2020 payment due date.  Jain Decl., ¶ 17, Exhibit 10.  AAA's June 9, 2020 letters explain the further consequences of Defendant's breach by requesting Defendant remove AAA's name from its arbitration agreements, while also

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

indicating that Defendant is no longer allowed to bring any claims before AAA due to its failure to pay timely fees. Jain Decl., ¶ 17, Exhibit 10.

**B.**   **Plaintiffs Elect to Pursue Their Claims Before This Court, and Requests an Order that All Claims Brought or That Relate Black to Any Claim Brought in Arbitration Be Tolled As of the Date of First Filing of Their Claims in Any Court**

In view of Defendant's failure to pay, Plaintiffs elect to continue litigation before this Court.  This Court is a court of proper jurisdiction as alleged in Plaintiffs' complaint, based on the diversity of the parties, and an amount in controversy greater than $75,000.00.

Plaintiff Maria Tapia first filed these same claims in Superior Court, County of Orange on August 29, 2019 (Case No. 30-2019-01093515-CU-OE-CXC).  The complaint was amended on September 19, 2019 to include Plaintiffs Lidia Rios, Salvador Mora, and Hilda Ambriz.  Eventually, Plaintiffs decided to dismiss that complaint without prejudice and re-file in this Court on December 17, 2019.

Accordingly, Plaintiffs all request that this court lift the stay as to all claims, and allow litigation to proceed pursuant to *Cal. Civ. Code Proc.* § 1281.97. Plaintiff Maria Tapia requests an order that all claims brought or claims that relate back to the claims brought in arbitration be tolled starting August 29, 2019. Plaintiffs Lidia Rios, Salvador Mora, and Hilda Ambriz request an order their claims brought or any claims that relate back to any claim brought in arbitration be tolled as of September 19, 2019.

## II.   PLAINTIFFS SEEK MONETARY SANCTIONS AGAINST DEFENDANT PURSUANT TO *Cal. Civ. Proc. Code § 1281.99*

In addition to the requirements described *supra, Cal. Civ. Proc. Code* § 1281.97(d) requires that if the employee or consumer proceed the action in a court of appropriate jurisdiction, the court shall impose sanctions in accordance with *Cal. Civ. Code. Proc.* § 1281.99.  Pursuant to *Cal. Civ. Code. Proc.* § 1281.99(a) the Court is required to impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97…by ordering the drafting party to pay the "reasonable expenses, including attorneys' fees and costs, incurred by the employee…as a result of the material breach."

"In general, '[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.'" *Hiken v. DOD*, 836 F.3d 1037, 1044 (9th Cir. 2016) quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Defendant's conduct has caused Plaintiffs to incur unnecessary expenses, including attorneys' fees, due to their material breach of the agreement. Jain Decl., ¶ 18. As a preliminary matter, Plaintiffs prepared an opposition to Defendant's Motion to Compel Arbitration that due to Defendants breach, appears to be a

complete waste of judicial resources.  ECF No. 11.

In addition, as a result of the Motion to Compel Arbitration, each Plaintiff was required to draft and file a new complaint in arbitration pursuant to AAA guidelines. This time was also wasted given Defendant's failure to pay fees.  Jain Decl., ¶ 19.

Plaintiffs further engaged in correspondence with opposing counsel, reviewed and analyzed various correspondence from AAA, conducted research into the newly effective rules forming the basis of this motion, and finally drafted and filed the instant motion and associated documents. Jain Decl., ¶ 20.  Plaintiffs will further have to respond to any opposition to the instant motion, and attend any hearings should the Court require the same.  Jain Decl., ¶ 21. These tasks have taken more than seven (7) hours for each individual Plaintiff. Jain Decl., ¶ 21.

 Plaintiffs' counsel each has over six (6) years of experience in litigation, including practice before Federal and State Courts, and have significant experience litigating complex wage and hour matters. Jain Decl., ¶ 23.  Using a reasonable hourly rate of $450.00/hour for their time, each Plaintiff requests a reduced award of $2,500.00, for a total award of $10,000.00 in fees in monetary sanctions against Defendant.  Jain Decl., ¶ 24.   This calculation already represents a discount since Defendant's conduct resulted in a combined number of over 28 hours of wasted time. Jain Decl., ¶ 24.

# CONCLUSION

Based on the foregoing, Defendant is in material breach of each of the Plaintiffs' Arbitration Agreements, and has thus defaulted on the arbitration proceeding. This Court should lift the stay, toll the statute of limitations as to each Plaintiff's claims as requested, and award monetary sanctions within thirty (30) days as required by *Cal. Civ. Proc. Code § 1281.99*.

Dated:   June 16, 2020                       Respectfully submitted,
                                             **JAIN LAW OFFICES, P.C.**


                                             s/KunalJain
                                             Kunal Jain
                                             James Hanger
                                             Attorneys for Plaintiffs
                                             Maria Tapia, Salvador Mora,
                                             Lidia Rios, and Hilda Ambriz

**CERTIFICATE OF SERVICE**
CENTRAL DISTRICT OF CALIFORNIA
*Maria Tapia, et. al. vs. Braiform Enterprises Incorporated*

The undersigned certifies that on June 16, 2020, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97, AND AWARDING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system.  Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

s/ Kunal Jain          
Kunal Jain

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS