**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiffs,
    MARIA TAPIA, LIDIA RIOS, SALVADOR MORA, and HILDA AMBRIZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TAPIA, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; LIDIA RIOS, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; SALVADOR MORA, an individual, on behalf of himself, other current and former aggrieved employees, and the State of California, as a private attorneys general; HILDA AMBRIZ, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRAIFORM ENTERPRISES | Case No.: 8:19-cv-02434-JVS-DFM<br>**Honorable James V. Selna**<br><br>**DECLARATION OF KUNAL JAIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS**<br><br>*[Concurrently submitted with the Declaration of Kunal Jain in support thereof; Proposed Order]*<br><br>**DATE: DATE: July 20, 2020 (For Calendaring Deadlines Only)**<br>**TIME:  1:30 p.m.**<br>**COURTROOM: 10C** |

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

| INCORPORATED, a New York corporation; and DOES 1 through 10, Inclusive, | ) ) ) ) |
| Defendants. | ) |

I, Kunal Jain, declare that I am an attorney of record for Plaintiffs, Maria Tapia, Lidia Rios, Hilda Ambriz, and Salvador Mora (collectively, "Plaintiffs") in the above-captioned case. I am making this declaration in support of Plaintiffs' Motion for an Order Lifting the Stay, Finding Defendant in Default of the Arbitration Pursuant to *Cal. Civ. Proc. Code* § 1281.91 and Awarding Sanctions. As such, I have personal knowledge of the following facts and if called upon, I could and would competently testify hereto:

1. On March 25, 2020, the Court issued an order compelling arbitration of Plaintiffs' individual claims, and staying any claims under the Private Attorneys General Act ("PAGA").

2. As a result of that order, on April 13, 2020, my office prepared and filed with the American Arbitration Association ("AAA") separate complaints on behalf of each Plaintiff. True and accurate copies of each Complaint, Demand, and Filing Confirmation, and Proof of Service are attached hereto as **Exhibit 1**.

3. On that same day, the arbitration Complaints were served on Defendants.

4. In view of the complaints, and pursuant to the terms of the Arbitration Agreements, the AAA sent an email to all parties that, among other things, provided an initial notice instructing Defendant to pay the

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

arbitration initiation fees on or before May 7, 2020.  The notices further informed Defendant that a failure to pay the fees required to initiate the proceedings by June 8, 2020 would result in each case being closed.  True and correct copies of the initial AAA notices are attached hereto as **Exhibit 2**.

5.     On April 20, 2020, Defense counsel Drake Mirsch sent an email requesting a telephonic meet and confer. A true and correct copy of that email is attached hereto as **Exhibit 3**.

6.     On April 20, 2020, I spoke with Defense counsel who first indicated that Defendant anticipated filing bankruptcy and requested a stay of all proceedings.

7.     I explained to Mr. Mirsch that, while Plaintiffs could consider such a stay, it would only be once we learned of the type of bankruptcy, the anticipated filing date, and after the cases were in fact initiated for arbitration.  I also explained that PAGA claims are generally not dischargeable in bankruptcy, and thus the stay may not be appropriate. I sent a follow up email memorializing my understanding of this conversation and again requesting more information on the Bankruptcy.  A true and correct copy of that email is attached hereto as **Exhibit 4**.

8.      In response to my email, Mr. Mirsch further clarified that he was not sure what form the liquidation/bankruptcy proceedings would take. A true and correct copy of that email response is attached hereto as **Exhibit 5**.

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

9. During that same phone call, Mr. Mirsch also indicated that his firm was working under an insurance policy.  However, he was not certain whether the policy was for defense only, or included liability.

10. Accordingly, Plaintiffs have requested that Defendant provide information regarding the type of policy and its coverage. A true and correct copy of a June 16, 2020 email to Mr. Mirsch requesting this information is attached hereto as **Exhibit 6**.

11. Defendants failed to pay the required arbitration imitation fees on or before the May 7, 2020 deadline.

12. Accordingly, on May 26, 2020, Plaintiffs' counsel James Hanger sent correspondence via email to Defense counsel to meet and confer regarding their failure to pay.  A true and correct copy of that email is attached hereto as **Exhibit 7**.

13. Mr. Hanger's May 26, 2020 email reiterated that the AAA's previous warning that a failure to pay the requisite fee by June 8, 2020 would result in the AAA closing Plaintiffs' cases, and explained such a close-out would leave Plaintiffs no choice but to file this motion.

14. Defense counsel provided no reply to Mr. Hanger's May 26, 2020 email.

15. On June 3, 2020, Mr. Hanger followed up with Defense counsel regarding the status of the arbitration.  A true and correct copy of that email is attached hereto as **Exhibit 8**.

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

16. Defense counsel, Mr. Mirsch replied that Defendant has no new information at that time, and did not address anything regarding further.  A true and correct copy of that email is attached as **Exhibit 9**.

17. On June 9, 2020, AAA issued notice that each of the Plaintiffs' cases was closed for failure to pay fees, and that the AAA would refuse to administer any employment arbitration involving Defendant going forward. The AAA even requested that Defendant remove the AAA from its arbitration agreements. True and accurate copies of AAA closing letters for each Plaintiff are attached hereto as **Exhibit 10**.

18. As a result of Defendant's failure to pay fees and initiate the Arbitration, Plaintiff has suffered unnecessary expenses, including attorneys' fees.

19. Such expenses arise from several actions that Plaintiff was required to take, including the need to file a new complaint on behalf of each Plaintiff.

20. In addition, Plaintiff further engaged in correspondence with Defendant counsel, including telephonic discussions and email correspondence, and analyzed various communications from the AAA. Plaintiffs were further required to conduct research into the newly effective rules that form the basis of the corresponding motion, draft and file the corresponding motion, this declaration, and attached proposed order.

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

21. Should it be necessary, Plaintiffs shall be further required to draft and file any necessary replies, and participate in any hearings required by the Court.

22. Plaintiff's counsel has expended more than seven (7) hours for each individual Plaintiff, or combined twenty-eight (28) hours spent as a result of Defendant's breach.  These hours are comprised of more than a combined more than ten (10) hours reviewing the AAA rules and drafting, filing, and serving complaints in compliance with said rules, a combined more than ten (10) hours researching, communication, and drafting this motion, and more than seven (7) hours spent on Plaintiff's opposition to the motion to compel.

23. Myself and my colleagues James Hanger, Esq. and J.B. Twomey, Esq. have all participated in this process either via drafting, communicating, researching, or discussing strategy.  We each have over six (6) years' experience practicing law, including experience litigating before Federal Courts and litigating complex wage and hour matters and PAGA matters.

24. Given counsels' experience, a reasonable hourly rate for their time is four hundred fifty dollars ($450.00) per hour.  This rate is comparable to other attorneys in the geographic area with similar experience.  Accordingly, the attorneys' fees resulting from Defendant's breach of the Arbitration Agreement are more than twenty five hundred dollars ($2,500.00) for each Plaintiff ( *i.e.* $450.00 x 7 = $3150.00), or the combined ten thousand dollars ($10,000.00) requested.

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

1
2
3
4          I declare under the penalty of perjury under the laws of the United States
5   that the foregoing is true and correct.
6          Executed this 16th day of June 2016 at Lake Forest, California.
7
8                                              s/KunalJain
                                               Kunal Jain
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

## CERTIFICATE OF SERVICE
### CENTRAL DISTRICT OF CALIFORNIA
*Maria Tapia, et. al. vs. Braiform Enterprises Incorporated*

The undersigned certifies that on June 16, 2020, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**DECLARATION OF KUNAL JAIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97, AND AWARDING SANCTIONS**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system.  Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

s/ Kunal Jain
Kunal Jain

DECLARATION OF KUNAL JAIN IN SUPPORT OF PLATINIFFS' MOTION FOR AN ORDER LIFTING THE STAY, FINDING DEFENDANT IN DEFAULT OF THE ARBITRATION PURSUANT TO C.C.P. § 1281.97 AND AWARDING SANCTIONS

# EXHIBIT 1

**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiff,
HILDA AMBRIZ

# IN THE AMERICAN ARBITRATION ASSOCIATION
## LOS ANGELES REGIONAL OFFICE

| | |
|---|---|
| HILDA AMBRIZ, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION** |
| vs. | |
| BRAIFORM ENTERPRISES INCORPORATED, a New York corporation; and DOES 1 through 10, Inclusive, | |
| Defendants. | |

Plaintiff HILDA AMBRIZ, an individual, hereby complains, alleges and states as follows:

**PARTIES**

1. At all times relevant herein, Defendant BRAIFORM ENTERPRISES INCORPORATED was and is a corporation incorporated in New York and doing business in the State of California, County of Orange.

2. Defendant BRAIFORM ENTERPRISES INCORPORATED, and Defendant DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

3. At all times relevant herein, Plaintiff HILDA AMBRIZ (hereinafter individually referred to as "Plaintiff") was employed by and worked for Defendants, and each of them, in the State of California, County of Orange.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, Inclusive, and each of them, are unknown to Plaintiff, who therefore brings this action against said Defendants.

5. Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer  or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided

and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

6.  The American Arbitration Association ("AAA") has jurisdiction over this action pursuant to that certain Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement") executed by and between Plaintiff and Defendants.

7.  On December 17, 2019, Plaintiff, along with three other individual plaintiffs, brought an action against Defendants in United States District Court for the Central District of California as Case No. 8:19-CV-02434-JVS-DFM (the "Federal Action"). The Federal Action alleged eight (8) individual claims and one representative claim on behalf of plaintiffs and current and former aggrieved employees of Defendants under the statutory framework of the California Private Attorneys General Act ("PAGA").

8.  The court in the Federal Action ordered both the individual claims and representative PAGA claim of the plaintiffs, including Plaintiff, be stayed pending arbitration of the plaintiffs' individual claims. That court's two-fold reasoning for the stay was: the representative PAGA claim is not subject to arbitration; and to preserve that court's facilitation of any limited post-arbitration proceeding, such as motions to confirm or to vacate any resulting award of arbitration.

9.  Plaintiff last was employed by Defendants in Orange County, California.

10. Pursuant to the terms of the Arbitration Agreement, Plaintiff now demands arbitration with the AAA at its Los Angeles location pursuant to the terms of the Arbitration Agreement. Venue is therefore proper. The remaining plaintiffs in the Federal Action are each filing their respective Complaints for Damages and Demands for Arbitration separately from Plaintiff.

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

12. Defendants' "mission is to change the global retail industry for good, by offering garment hangers and packaging solutions that are better for business – and the environment."  In order to carry out Defendants' mission, Defendants employed one or more employees in the State of California, County of Orange.

13. Plaintiff was hired by Defendants in or around December 2014 as a non-exempt general laborer and was terminated by Defendants on or around August 16, 2019.

14. Throughout Plaintiff's employment with Defendants, she was provided a compensation structure that included non-discretionary bonus(es)/incentive pay.    However, the bonus(es)/incentive pay were not taken into account when calculating Plaintiff's regular rate of pay for the workweek in which said bonus(es)/incentive pay was/were paid.

15. Under California law, in determining the regular rate of pay for purposes of calculating the proper overtime premium pay, the employer must consider not only straight hourly wage compensation but must also include payment of all remuneration including non-discretionary bonuses/incentive pay.

16. Despite California law requiring employers to include all remuneration as part of the regular rate for determining overtime premium pay, Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay. Accordingly, Defendants willfully failed to pay Plaintiff her proper overtime rate, resulting in fraudulent wage theft of unpaid overtime wages.  And when Defendants willfully, fraudulently, and deceitfully failed to pay Plaintiff her proper overtime wages, it/they also willfully failed to provide her compensating time off at a rate of not less than one and one-half hours for the

underpaid overtime compensation that was required by law, thus resulting in further fraudulent wage theft from Plaintiff.

17. Because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay, Plaintiff was not always paid all wages she earned twice during a calendar month, which results in fraudulent wage theft.

18. Moreover, because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay, the itemized wage statements Defendants provided to Plaintiff were inaccurate and deceitful.  Specifically, the statements deceitfully failed to show all wages earned and that should have been paid to Plaintiff.

19. All itemized wage statements Defendants provided to Plaintiff were also deceitfully inaccurate for failing to identify the legal entity employing Plaintiff.  Specifically, the statements reflect "Spotless Enterprises Incorporated" as the employer, despite Plaintiff presumably being employed by Braiform Enterprises Incorporated and receiving W-2s at the end of each year of employment from Braiform Enterprises Incorporated.   And finally, all itemized wage statements Defendants provided to Plaintiff failed to include Braiform Enterprises Incorporated's address.  These practices were a deceitful attempt by Defendants to cover its tracks to prevent Plaintiff from realizing Defendant's fraudulent wage theft as described hereinabove.

20. Moreover, Plaintiff was required to work for periods of time longer than five (5) hours.  On occasion, Defendants willfully failed make timely, uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff.  Similarly, on certain occasions, Defendants willfully failed to make available timely, uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff worked.  When Plaintiff was not

– 5 –

provided timely, uninterrupted meal and/or rest periods, Defendants willfully failed to pay her an additional hour at their regular rate of pay, which amounts to further fraudulent wage theft.

21. Additionally, during all times relevant, Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe. Defendants willfully forbade Plaintiff access to toilet facilities except during any meal and/or rest period that was/were provided. Accordingly, during all times relevant, Defendants willfully failed to safeguard the health of Plaintiff. And only providing Plaintiff access to toilet facilities during her meal and/or rest periods resulted in further willful violations of California's meal and rest period law.

22. On each day that Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities during the work day, Plaintiff was required to access the toilet facilities during any meal or rest period that was/were provided. This resulted in Plaintiff receiving less than a ten-minute rest and/or meal break since Plaintiff was required to wait in line and/or use their rest break to use the toilet facilities. In addition, on every such day Defendants willfully failed to give Plaintiff any penalty pay or premium despite her inability to take a ten (10) minute break due to the willful and improper conduct of Defendants.

23. And if Plaintiff attempted to access the toilet facilities during a time outside any meal and/or rest period that was/were provided, she was threatened with termination by her manager, Nerva Cortez. Thus, Defendants, by and through their agent, caused the herein-described violations of California law pertaining to meal and rest periods. Plaintiff's wage statements were further inaccurate since they failed to include any meal or rest break premium that resulted from Defendants failure to provide ten (10) minute break. These practices were further deceitful attempts by Defendants to obfuscate its fraudulent wage theft as described hereinabove.

24. At the time of Plaintiff's termination, and to this day, Defendants have willfully failed to pay her, at the place of discharge, all the herein-described wages owed to her.  This once again amounts to fraudulent wage theft by Defendants.

25. On or around October 31, 2019, Plaintiff sent Defendants a written request for Defendants to produce, or give Plaintiff access to, Plaintiff's personnel file and itemized wage/payroll statements.

26. As of the date of this complaint, Defendants have failed to provide Plaintiff with, or access to, the hard-copy itemized wage/payroll statements that were issued to her at the close of each pay period.  Instead, Defendants willfully and deceitfully provided what appears to be the payroll providers' electronic versions of wage statements.  These electronic versions contain different information than Plaintiff's hard-copy itemized wage/payroll statements.

27. Plaintiff is informed and believes and thereon alleges that Defendants and Defendant Cortez, and each them (1) knew overtime wages were due Plaintiff, but willfully and fraudulently failed to pay her those wages; (2) denied Plaintiff her statutorily required rest periods, and willfully and fraudulently failed to pay her the one hour of wage at their regular rate of pay for each rest periods it denied them; (3) denied Plaintiff her statutorily required meal periods, and willfully and fraudulently failed to pay her the one hour of wage at her regular rate of pay for each meal periods it denied her; (4) failed to pay Plaintiff all wages earned twice during each month because Defendants willfully and fraudulently failed to pay her all overtime wages and the additional hour at her regular rate of pay for all meal and rest periods not provided to her; (5) failed to keep and provide Plaintiff with accurate wage statements to obfuscate its fraudulent wage theft; (6) failed to pay Plaintiff all wages owing at the time her employment ended; (7) deceitfully failed to provide Plaintiff with, or access to, Plaintiff' itemized wage/payroll

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

statements; (8) and willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe.

## **FIRST CAUSE OF ACTION**

### **Failure to Pay Overtime Wages in Violation of *Cal. Labor Code* §§ 510 & 204.3**
### **(Against All Non-Individual Defendants)**

28. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

29. At all times relevant herein, *California Labor Code* sections 510 and 204.3, as well as, IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

30. Under *California Labor Code* § 510(a), "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

31. Section 3 of the IWC Wage Order No. 5-2001 states in part:  ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (71h) consecutive day of work in a workweek. (c) The overtime rate of compensation required

to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary."

32. "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate." *California Labor Code* Section 204.3.

33. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 510 and 204.3.

34. As a proximate result of Defendants' failure to pay Plaintiff her proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendants an amount equal to the wages unlawfully unpaid and interest thereon.

35. "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *California Labor Code* § 1194.

36. As a proximate result of Defendants' willful and fraudulent failure to pay Plaintiff's overtime wages, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and have incurred and will continue to incur attorneys' fees and costs in connection therewith.

37. Plaintiff pray that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's overtime wage compensation, including interest thereon, reasonable attorneys' fees, and costs of arbitration.

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

**SECOND CAUSE OF ACTION**

**Failure to Make Meal Periods Available in Violation of *Cal. Labor Code* § 512**

**(Against All Defendants)**

38. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

39. At all times relevant herein, C*alifornia Labor Code* sections 512, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

40. Under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

41. Also under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

42. Section 11 of the IWC Wage Order No. 5-2001 states in part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

43. Additionally, Section 11 of the IWC Wage Order No. 5-2001 states in part: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

44. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 512.

45. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

46. Plaintiff is informed and believes and thereon alleges that *California Labor Code* sections 512 and 226.7 and Section 11 of the IWC Wage Orders, were caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

47. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the willful and fraudulent wage theft violations of *California Labor Code* section 512.

48. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's meal period wages, including interest thereon.

### THIRD CAUSE OF ACTION

**Failure to Make Rest Periods Available in Violation of *Cal. Labor Code* § 226.7**

**(Against All Defendants)**

49. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

50. At all times relevant herein, C*alifornia Labor Code* sections 226.7, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

51. Employees are entitled to a net rest period of at least ten (10) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday. *Cal. Lab. Code* § 226.7.

– 11 –

52. *California Labor Code* § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked.

53. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent wage theft violations of *California Labor Code* section 226.7.

54. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

55. Plaintiff is informed and believes and thereon alleges that *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders, were willfully caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

56. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the violations of *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders. These violations were part of Defendants' and Defendant Cortez's fraudulent scheme of wage theft against Plaintiff.

57. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff' rest period wages, including interest thereon.

## **FOURTH CAUSE OF ACTION**

### **Failure to Provide Accurate Wage Statements in Violation *Cal. Labor Code* § 226**

### **(Against All Non-Individual Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59.  At all times relevant herein, *California Labor Code* § 226 is and was in full force and effect and were binding on Defendants.

60.  Defendants, and each of them, were obligated under *Labor Code* § 226 and the applicable IWC Wage Order, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing nine specific categories of information.

61.  Pursuant to *Labor Code* § 226(e)(1), Plaintiff is entitled to recover the greater of all actual damages or a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00, as well as, an award of costs and reasonable attorney's fees.

62.  As set forth herein, Plaintiff was a victim of Defendants' deceitful wage statement practices to hide their fraudulent wage theft, which actions resulted in violations of *California Labor Code* section 226.

63.  Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 226, as well as, an award of arbitration costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties in Violation of *Cal. Labor Code* § 203

### (Against All Non-Individual Defendants)

64.  Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

65.  At all times relevant herein, *California Labor Code* section 203 is and was in full force and effect and were binding on Defendants.

66.  "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is

– 13 –

discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Cal. Lab. Code* § 203(a).

67. "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Id.* at (b).

68. "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." *California Labor Code* § 218.5.

69. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 201, 202, 203 and 208.

70. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 203, as well as, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Failure to Provide Access to Records in Violation of *Cal. Labor Code* § 226(c)
### (Against All Non-Individual Defendants)

71. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

72. At all times relevant herein, *California Labor Code* section 226(c) is and was in full force and effect and was binding on Defendants.

73. "An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer." *Cal. Lab. Code* § 226(b).

74. "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as

soon as practicable, but no later than 21 calendar days from the date of the request." *Cal. Lab. Code* § 226(c).

75. "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." *Cal. Lab. Code* § 226(f).

76. "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees." *Cal. Lab. Code* § 226(h).

77. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 226(c).  Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

78. Plaintiff prays that the Court award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 226(f) and (h).

### SEVENTH CAUSE OF ACTION

**Failure to Provide Access to Personnel File in Violation of *Cal. Labor Code* § 1198.5**

**(Against All Non-Individual Defendants)**

79. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

80. At all times relevant herein, C*alifornia Labor Code* section 1198.5 is and was in full force and effect and was binding on Defendants.

81. *California Labor Code* section 1198.5, subdivision (b) mandates than an employer who receives a written or oral request from an employee or former employee to inspect records pursuant to that section "shall" comply with the request within 30 days.  *Cal. Lab. Code* §

– 15 –

1198.5(b).

82. Whenever an employer fails to comply with section 1198.5, the employee is entitled to recover a penalty of $750 from the employer. *Cal. Lab. Code* § 1198.5(k). In the event an employee must bring an action to ensure compliance with the code, he/she is entitled to recover attorney's fees. *Cal. Lab. Code* § 1198.5(1).

83. As set forth herein, Plaintiff was a victim of Defendants' willful violations of *California Labor Code* section 1198.5. Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

84. Accordingly, Defendants can be held liable for the damages stemming from the violations of *California Labor Code* section 1198.5.

85. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 1198.5(k) and (l).

### EIGHTH CAUSE OF ACTION

### Violations of *Cal. Bus. & Prof. Code* § 17200

### (Against All Non-Individual Defendants)

86. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

87. At all times relevant herein, C*alifornia Business and Professions Code* § 17200 *et seq*. is and was in full force and effect and was binding on Defendants.

88. The Unfair Competition Law ("UCL"), which is codified under *California Business and Professions Code* § 17200 *et seq*. prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive, untrue or misleading advertising."

– 16 –

89. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct, Plaintiff has standing to sue in order to obtain the remedies that are available to Plaintiff under the UCL.

90. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *Bus. & Prof. Code* § 17203.

91. An action may be brought under the UCL by any person, corporation or association, or by any person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* § 17204.

92. A Plaintiff may bring § 17200 claim even when the underlying statutory violation does not provide the Plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th 832, 839.

**Unfair Conduct**

93. As set forth herein, Defendants engaged in a pattern of unfair, unlawful, deceitful and fraudulent business practices with respect to Plaintiff's employment in violation of *Bus. & Prof. Code* § 17200.

94. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the following, wrongful, improper, and unfair conduct:

    a. Defendants unfairly failed to pay Plaintiff overtime wages due;

    b. Defendants unfairly denied Plaintiff meal periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the meal periods; and

    c. Defendants unfairly denied Plaintiff rest periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the rest periods.

95.  Defendants' conduct also violated the "unfair" prong of the UCL because the utility of Defendants' actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on employees.

96.  Further, the public is led to believe that Defendant provides a fair, safe, and legally sufficient work environment for their employees and complies with California laws governing Labor and Employment issues, despite the fact that both of these impressions are untrue.  Instead, Defendants were practicing fraudulent wage theft.  Defendants' fraudulent pattern of wrongful, improper, and unlawful business practices is injurious to Defendants' employees and consumers alike.

**Unlawful Conduct**

97.  "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practices forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.,* 2 Cal.4th 377, 383 (1992).

98.  By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable.  *See Blanks v. Shaw,* 171 Cal. App. 4th 336, 363-64 (2009); *Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144, 1153 (2000).

99.  Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

a.  Violations of *Cal. Labor Code* § 510;

b.  Violations of *Cal. Labor Code* § 512; and

c.  Violations of *Cal. Labor Code* § 226.7.

100. The violation of these laws serves as unlawful predicate acts that constitute an overarching fraudulent scheme of wage theft resulting in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

101. Plaintiff are entitled to restitutionary damages which constitutes or results from all unpaid overtime wages, and the additional hours of pay at Plaintiff' regular rate for Defendants' failure to provide meal and rest periods.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant BRAIFORM ENTERPRISES INCORPORATED, and DOES 1 through 10, as follows:

1. All Damages owed to Plaintiff, including consequential and incidental financial losses, unpaid wages, restitution, liquidated damages, costs, attorneys' fees, and statutory damages;

2. All Civil penalties and relief allowed for Plaintiff under the *California Labor Code* and arising out of Defendants' violations of the same, not including representative penalties available under the Private Attorneys General Act;

3. Injunctive relief, arbitration costs and reasonable attorneys' fees;

4. Reasonable attorneys' fees, costs, and filing fees paid according to proof;

5. Post-judgment interest according to any applicable provision of law, and according to proof;

6. Costs and fees incurred as a result of the above-captioned action; and

7. Any additional, further relief as the Arbitrator deems proper.

Dated: April 13, 2020                                    **JAIN LAW OFFICES, P.C.**

BY: _____
                                                              Kunal Jain
                                                      Attorney for Plaintiff,
                                                      HILDA AMBRIZ

AMERICAN ARBITRATION ASSOCIATION

**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

To ensure your demand is processed promptly, please file online at **www.adr.org/support**. Complete this form, provide last known email addresses and include a copy of the Arbitration Agreement, Plan or Contract.

| Mediation: If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box ☑. |
|---|

### Parties (Claimant)

| Name of Claimant: Hilda Ambriz | | |
|---|---|---|
| Address: 3841 Franklin Avenue, Apt. 26 | | |
| City: Fullerton | State: California | Zip Code: 92833 |
| Phone No.: 562-507-6640 | Fax No.: | |
| Email Address: | | |
| Representative's Name (if known): J.B. Twomey, Esq.; Kunal Jain, Esq.; James L. Hanger III, Esq. | | |
| Firm (if applicable): J.B. Twomey Law; Jain Law Offices, P.C. | | |
| Representative's Address: 7056 Archibald Street, Suite 102-452 | | |
| City: Corona | State: California | Zip Code: 92880 |
| Phone No.: 310-980-6357; 310-957-2214 | Fax No.: | |
| Email Address: JB@JBTwomeyLaw.com; Kunal@JainLawOffices.com; James@JainLawOffices.com | | |

### Parties (Respondent)

| Name of Respondent: BRAIFORM ENTERPRISES INCORPORATED | | |
|---|---|---|
| Address: 12 B GERBER ROAD | | |
| City: ASHEVILLE | State: North Carolina | Zip Code: 28803 |
| Phone No.: | Fax No.: | |
| Email Address: | | |
| Representative's Name (if known): Drake Mirsch, Esq.; Julie O'Dell, Esq. | | |
| Firm (if applicable): Lewis Brisbois | | |
| Representative's Address: 650 Town Center Drive, Suite 1400 | | |
| City: Costa Mesa | State: California | Zip Code: 92626 |
| Phone No.: 714-668-5549 | Fax No.: | |
| Email Address: Drake.Mirsch@LewisBrisbois.com; Julie.ODell@lewisbrisbois.com | | |
| Claim: What was/is the employee/worker's annual wage range? ☑ Less than $100,000 ☐ $100,000-$250,000 ☐ Over $250,000 *Note: This question is required by California law.* | | |
| Amount of Claim: Over $75,000 | | |
| Claim involves: ☑ Statutorily Protected Rights ☑ Non-Statutorily Protected Rights | | |

AMERICAN ARBITRATION ASSOCIATION

**EMPLOYMENT ARBITRATION RULES
DEMAND FOR ARBITRATION**

In detail, please describe the nature of each claim. You may attach additional pages if necessary:

Failure to: Pay Overtime Wages (Cal. Labor Code ("CLC")§§ 510 & 204.3); Make Meal Periods Available (CLC § 512); Make Rest Periods Available (CLC § 226.7); Provide Accurate Wage Statements (CLC § 226); Provide Access to Records (CLC § 226(c)); Provide Access to Personnel File (CLC § 1198.5); and for Violations of Cal. Bus. & Prof. Code § 17200 and for Waiting Time Penalties (CLC § 203)   **+**

Other Relief Sought: ☑ Attorneys Fees   ☑ Interest   ☑ Arbitration Costs   ☑ Punitive/ Exemplary
☑ Other:  Civil penalties and other relief as specified in accompanying Complaint in the Prayer section

Please describe the qualifications for arbitrator(s) to hear this dispute:

Arbitrator should be experienced with California wage and hour laws regarding overtime, meal and rest breaks, wage statements, record keeping requirements, and waiting time penalties.  Experience and familiarity with wage and hour law in the context of the Private Attorneys General Act ("PAGA") would be ideal.

Hearing: Estimated time needed for hearings overall:                    hours  or   5                        days

Hearing Locale:  Los Angeles, CA

*(check one)* ☐ Requested by Claimant  ☑ Locale provision included in the contract

Filing Fee requirement or $300 (max amount per AAA)

Filing by Company:  ☐ $2,200 single arbitrator  ☐ $2,800 three arbitrator panel

Notice: To begin proceedings, **please file online at www.adr.org/fileonline.** You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

Signature (may be signed by a representative):

Date:

April 13, 2020

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-800-778-7879. If you have any questions regarding the waiver of administrative fees, AAA Customer Service can be reached at 1-800-778-7879. Please visit our website at www.adr.org/support to file this case online.

Home

# THANK YOU!

## YOUR AAA CASE NUMBER : 01-20-0004-9310

Thank you for choosing American Arbitration Association.
Please print a copy of this page for your record.

Print

## Basic Filing Information:

James Hanger III
3109572214
James@JainLawOffices.com
Arbitration

Per Arbitration Agreement, Employer to pay Arbitration filing cost

| Filing Fee Charged | $0.00 | **Documents received on 2020-04-13 21:51:13.0 Eastern Time** |

# What's Next

————————————————————————————————————————————————————————————————

• This acknowledges receipt of your documentation on 2020-04-13 21:51:13.0 Eastern Time. This notice does not constitute the AAA's initiation of the case or satisfaction of all AAA administrative filing requirements. An email copy of this

receipt will be sent to <u>James@JainLawOffices.com</u> shortly.

- <u>DON'T FORGET</u> to send a copy of the completed form and any attachments to all parties and retain a copy of the form for your record.

- Your documentation will be reviewed and, if all filing requirements are met, assigned to a case manager who will be in contact with all parties. Should additional information or clarification be required you will be contacted by our case filing department.

- Once a case manager has been assigned, you will have access to the case at WebFile. If you do not see your case at that time, please contact <u>customerservice@adr.org</u>

- If you need assistance with your case before being contacted by your case manager, please contact our Case Filing Office at <u>casefiling@adr.org</u>

- Please be sure to reference your AAA case Number, as provided above.

- For additional information, please see the <u>applicable rules</u>

**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiff,
SALVADOR MORA

# IN THE AMERICAN ARBITRATION ASSOCIATION
## LOS ANGELES REGIONAL OFFICE

| | |
|---|---|
| SALVADOR MORA, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION** |
| vs. | |
| BRAIFORM ENTERPRISES INCORPORATED, a New York corporation; and DOES 1 through 10, Inclusive, | |
| Defendants. | |

Plaintiff SALVADOR MORA, an individual, hereby complains, alleges and states as follows:

**PARTIES**

1.  At all times relevant herein, Defendant BRAIFORM ENTERPRISES INCORPORATED was and is a corporation incorporated in New York and doing business in the State of California, County of Orange.

2.  Defendant BRAIFORM ENTERPRISES INCORPORATED, and Defendant DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

3.  At all times relevant herein, Plaintiff SALVADOR MORA (hereinafter individually referred to as "Plaintiff") was employed by and worked for Defendants, and each of them, in the State of California, County of Orange.

4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, Inclusive, and each of them, are unknown to Plaintiff, who therefore brings this action against said Defendants.

5.  Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or

representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

## **JURISDICTION AND VENUE**

6. The American Arbitration Association ("AAA") has jurisdiction over this action pursuant to that certain Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement") executed by and between Plaintiff and Defendants.

7. On December 17, 2019, Plaintiff, along with three other individual plaintiffs, brought an action against Defendants in United States District Court for the Central District of California as Case No. 8:19-CV-02434-JVS-DFM (the "Federal Action").  The Federal Action alleged eight (8) individual claims and one representative claim on behalf of plaintiffs and current and former aggrieved employees of Defendants under the statutory framework of the California Private Attorneys General Act ("PAGA").

8. The court in the Federal Action ordered both the individual claims and representative PAGA claim of the plaintiffs, including Plaintiff, be stayed pending arbitration of the plaintiffs' individual claims.   That court's two-fold reasoning for the stay was: the representative PAGA claim is not subject to arbitration; and to preserve that court's facilitation of any limited post-arbitration proceeding, such as motions to confirm or to vacate any resulting award of arbitration.

9. Plaintiff last was employed by Defendants in Orange County, California.

10. Pursuant to the terms of the Arbitration Agreement, Plaintiff now demands arbitration with the AAA at its Los Angeles location pursuant to the terms of the Arbitration Agreement.  Venue is therefore proper.  The remaining plaintiffs in the Federal Action are each filing their respective Complaints for Damages and Demands for Arbitration separately from Plaintiff.

# FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

12. Defendants' "mission is to change the global retail industry for good, by offering garment hangers and packaging solutions that are better for business – and the environment." In order to carry out Defendants' mission, Defendants employed one or more employees in the State of California, County of Orange.

13. Plaintiff was hired by Defendants in or around early-2018 as a non-exempt general laborer. Plaintiff's employment ended on or around early-2019 when Defendants terminated him.

14. Throughout Plaintiff's employment with Defendants, he was provided a compensation structure that included non-discretionary bonus(es)/incentive pay. However, the bonus(es)/incentive pay were not taken into account when calculating Plaintiff's regular rate of pay for the workweek in which said bonus(es)/incentive pay was/were paid.

15. Under California law, in determining the regular rate of pay for purposes of calculating the proper overtime premium pay, the employer must consider not only straight hourly wage compensation but must also include payment of all remuneration including non-discretionary bonuses/incentive pay.

16. Despite California law requiring employers to include all remuneration as part of the regular rate for determining overtime premium pay, Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating his overtime rate of pay. Accordingly, Defendants willfully failed to pay Plaintiff his proper overtime rate, resulting in fraudulent wage theft of unpaid overtime wages. And when Defendants willfully, fraudulently, and deceitfully failed to pay Plaintiff his proper overtime wages, it/they also willfully failed to

provide him compensating time off at a rate of not less than one and one-half hours for the underpaid overtime compensation that was required by law, thus resulting in further fraudulent wage theft from Plaintiff.

17. Because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating his overtime rate of pay, Plaintiff was not always paid all wages he earned twice during a calendar month, which results in fraudulent wage theft.

18. Moreover, because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating his overtime rate of pay, the itemized wage statements Defendants provided to Plaintiff were inaccurate and deceitful.  Specifically, the statements deceitfully failed to show all wages earned and that should have been paid to Plaintiff.

19. All itemized wage statements Defendants provided to Plaintiff were also deceitfully inaccurate for failing to identify the legal entity employing Plaintiff.  Specifically, the statements reflect "Spotless Enterprises Incorporated" as the employer, despite Plaintiff presumably being employed by Braiform Enterprises Incorporated and receiving W-2s at the end of each year of employment from Braiform Enterprises Incorporated.  And finally, all itemized wage statements Defendants provided to Plaintiff failed to include Braiform Enterprises Incorporated's address.  These practices were a deceitful attempt by Defendants to cover its tracks to prevent Plaintiff from realizing Defendant's fraudulent wage theft as described hereinabove.

20. Moreover, Plaintiff was required to work for periods of time longer than five (5) hours.  On occasion, Defendants willfully failed make timely, uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff.  Similarly, on certain occasions, Defendants willfully failed to make available timely, uninterrupted rest periods of not less than ten (10) minutes for

every four (4) hours, or substantial portion thereof, Plaintiff worked.  When Plaintiff was not provided timely, uninterrupted meal and/or rest periods, Defendants willfully failed to pay him an additional hour at their regular rate of pay, which amounts to further fraudulent wage theft.

21. Additionally, during all times relevant, Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe. Defendants willfully forbade Plaintiff access to toilet facilities except during any meal and/or rest period that was/were provided.  Accordingly, during all times relevant, Defendants willfully failed to safeguard the health of Plaintiff.  And only providing Plaintiff access to toilet facilities during his meal and/or rest periods resulted in further willful violations of California's meal and rest period law.

22. On each day that Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities during the work day, Plaintiff was required to access the toilet facilities during any meal or rest period that was/were provided.  This resulted in Plaintiff receiving less than a ten-minute rest and/or meal break since Plaintiff was required to wait in line and/or use their rest break to use the toilet facilities.  In addition, on every such day Defendants willfully failed to give Plaintiff any penalty pay or premium despite his inability to take a ten (10) minute break due to the willful and improper conduct of Defendants.

23. And if Plaintiff attempted to access the toilet facilities during a time outside any meal and/or rest period that was/were provided, he was threatened with termination by his manager, Nerva Cortez.  Thus, Defendants, by and through their agent, caused the herein-described violations of California law pertaining to meal and rest periods.  Plaintiff's wage statements were further inaccurate since they failed to include any meal or rest break premium that resulted from Defendants failure to provide ten (10) minute break.  These practices were further deceitful attempts by Defendants to obfuscate its fraudulent wage theft as described hereinabove.

24. At the time of Plaintiff's termination, and to this day, Defendants have willfully failed to pay him, at the place of discharge, all the herein-described wages owed to him. This once again amounts to fraudulent wage theft by Defendants.

25. On or around May 31, 2019, Plaintiff sent Defendants a written request for Defendants to produce, or give Plaintiff access to, Plaintiff's personnel file and itemized wage/payroll statements.

26. As of the date of this complaint, Defendants have failed to provide Plaintiff with, or access to, the hard-copy itemized wage/payroll statements that were issued to him at the close of each pay period. Instead, Defendants willfully and deceitfully provided what appears to be the payroll providers' electronic versions of wage statements. These electronic versions contain different information than Plaintiff's hard-copy itemized wage/payroll statements.

27. Plaintiff is informed and believes and thereon alleges that Defendants and Defendant Cortez, and each them (1) knew overtime wages were due Plaintiff, but willfully and fraudulently failed to pay him those wages; (2) denied Plaintiff his statutorily required rest periods, and willfully and fraudulently failed to pay him the one hour of wage at their regular rate of pay for each rest periods it denied them; (3) denied Plaintiff his statutorily required meal periods, and willfully and fraudulently failed to pay him the one hour of wage at his regular rate of pay for each meal periods it denied him; (4) failed to pay Plaintiff all wages earned twice during each month because Defendants willfully and fraudulently failed to pay him all overtime wages and the additional hour at his regular rate of pay for all meal and rest periods not provided to him; (5) failed to keep and provide Plaintiff with accurate wage statements to obfuscate its fraudulent wage theft; (6) failed to pay Plaintiff all wages owing at the time his employment ended; (7) deceitfully failed to provide Plaintiff with, or access to, Plaintiff' itemized wage/payroll

statements; (8) and willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe.

### **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of *Cal. Labor Code* §§ 510 & 204.3**

**(Against All Non-Individual Defendants)**

28.  Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

29.  At all times relevant herein, C*alifornia Labor Code* sections 510 and 204.3, as well as, IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

30.  Under *California Labor Code* § 510(a), "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

31.  Section 3 of the IWC Wage Order No. 5-2001 states in part:  ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (71h) consecutive day of work in a workweek. (c) The overtime rate of compensation required

to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary."

32. "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate." *California Labor Code* Section 204.3.

33. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 510 and 204.3.

34. As a proximate result of Defendants' failure to pay Plaintiff his proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendants an amount equal to the wages unlawfully unpaid and interest thereon.

35. "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  *California Labor Code* § 1194.

36. As a proximate result of Defendants' willful and fraudulent failure to pay Plaintiff's overtime wages, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and have incurred and will continue to incur attorneys' fees and costs in connection therewith.

37. Plaintiff pray that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's overtime wage compensation, including interest thereon, reasonable attorneys' fees, and costs of arbitration.

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

**SECOND CAUSE OF ACTION**

**Failure to Make Meal Periods Available in Violation of *Cal. Labor Code* § 512**

**(Against All Defendants)**

38. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

39. At all times relevant herein, C*alifornia Labor Code* sections 512, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

40. Under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

41. Also under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

42. Section 11 of the IWC Wage Order No. 5-2001 states in part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

43. Additionally, Section 11 of the IWC Wage Order No. 5-2001 states in part: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

44. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 512.

45. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

46. Plaintiff is informed and believes and thereon alleges that *California Labor Code* sections 512 and 226.7 and Section 11 of the IWC Wage Orders, were caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

47. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the willful and fraudulent wage theft violations of *California Labor Code* section 512.

48. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's meal period wages, including interest thereon.

## THIRD CAUSE OF ACTION

### Failure to Make Rest Periods Available in Violation of *Cal. Labor Code* § 226.7

### (Against All Defendants)

49. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

50. At all times relevant herein, C*alifornia Labor Code* sections 226.7, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

51. Employees are entitled to a net rest period of at least ten (10) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday. *Cal. Lab. Code* § 226.7.

52. *California Labor Code* § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked.

53. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent wage theft violations of *California Labor Code* section 226.7.

54. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

55. Plaintiff is informed and believes and thereon alleges that *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders, were willfully caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

56. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the violations of *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders.  These violations were part of Defendants' and Defendant Cortez's fraudulent scheme of wage theft against Plaintiff.

57. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff' rest period wages, including interest thereon.

## **FOURTH CAUSE OF ACTION**

### **Failure to Provide Accurate Wage Statements in Violation *Cal. Labor Code* § 226**

### **(Against All Non-Individual Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59. At all times relevant herein, *California Labor Code* § 226 is and was in full force and effect and were binding on Defendants.

60. Defendants, and each of them, were obligated under *Labor Code* § 226 and the applicable IWC Wage Order, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing nine specific categories of information.

61. Pursuant to *Labor Code* § 226(e)(1), Plaintiff is entitled to recover the greater of all actual damages or a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00, as well as, an award of costs and reasonable attorney's fees.

62. As set forth herein, Plaintiff was a victim of Defendants' deceitful wage statement practices to hide their fraudulent wage theft, which actions resulted in violations of *California Labor Code* section 226.

63. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 226, as well as, an award of arbitration costs and reasonable attorneys' fees.

## **FIFTH CAUSE OF ACTION**

### **Waiting Time Penalties in Violation of *Cal. Labor Code* § 203**

### **(Against All Non-Individual Defendants)**

64. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

65. At all times relevant herein, *California Labor Code* section 203 is and was in full force and effect and were binding on Defendants.

66. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is

discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Cal. Lab. Code* § 203(a).

67. "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Id.* at (b).

68. "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." *California Labor Code* § 218.5.

69. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 201, 202, 203 and 208.

70. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 203, as well as, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Failure to Provide Access to Records in Violation of *Cal. Labor Code* § 226(c)
### (Against All Non-Individual Defendants)

71. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

72. At all times relevant herein, C*alifornia Labor Code* section 226(c) is and was in full force and effect and was binding on Defendants.

73. "An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer." *Cal. Lab. Code* § 226(b).

74. "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as

soon as practicable, but no later than 21 calendar days from the date of the request." *Cal. Lab. Code* § 226(c).

75. "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." *Cal. Lab. Code* § 226(f).

76. "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees." *Cal. Lab. Code* § 226(h).

77. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 226(c). Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

78. Plaintiff prays that the Court award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 226(f) and (h).

## **SEVENTH CAUSE OF ACTION**

### **Failure to Provide Access to Personnel File in Violation of *Cal. Labor Code* § 1198.5**
### **(Against All Non-Individual Defendants)**

79. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

80. At all times relevant herein, C*alifornia Labor Code* section 1198.5 is and was in full force and effect and was binding on Defendants.

81. *California Labor Code* section 1198.5, subdivision (b) mandates than an employer who receives a written or oral request from an employee or former employee to inspect records pursuant to that section "shall" comply with the request within 30 days. *Cal. Lab. Code* §

– 15 –

1198.5(b).

82. Whenever an employer fails to comply with section 1198.5, the employee is entitled to recover a penalty of $750 from the employer. *Cal. Lab. Code* § 1198.5(k). In the event an employee must bring an action to ensure compliance with the code, he/she is entitled to recover attorney's fees. *Cal. Lab. Code* § 1198.5(1).

83. As set forth herein, Plaintiff was a victim of Defendants' willful violations of *California Labor Code* section 1198.5. Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

84. Accordingly, Defendants can be held liable for the damages stemming from the violations of *California Labor Code* section 1198.5.

85. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 1198.5(k) and (l).

## EIGHTH CAUSE OF ACTION

### Violations of *Cal. Bus. & Prof. Code* § 17200

### (Against All Non-Individual Defendants)

86. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

87. At all times relevant herein, C*alifornia Business and Professions Code* § 17200 *et seq.* is and was in full force and effect and was binding on Defendants.

88. The Unfair Competition Law ("UCL"), which is codified under *California Business and Professions Code* § 17200 *et seq.* prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive, untrue or misleading advertising."

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

89. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct, Plaintiff has standing to sue in order to obtain the remedies that are available to Plaintiff under the UCL.

90. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *Bus. & Prof. Code* § 17203.

91. An action may be brought under the UCL by any person, corporation or association, or by any person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* § 17204.

92. A Plaintiff may bring § 17200 claim even when the underlying statutory violation does not provide the Plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th 832, 839.

**Unfair Conduct**

93. As set forth herein, Defendants engaged in a pattern of unfair, unlawful, deceitful and fraudulent business practices with respect to Plaintiff's employment in violation of *Bus. & Prof. Code* § 17200.

94. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the following, wrongful, improper, and unfair conduct:

   a. Defendants unfairly failed to pay Plaintiff overtime wages due;

   b. Defendants unfairly denied Plaintiff meal periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the meal periods; and

   c. Defendants unfairly denied Plaintiff rest periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the rest periods.

95. Defendants' conduct also violated the "unfair" prong of the UCL because the utility of Defendants' actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on employees.

96. Further, the public is led to believe that Defendant provides a fair, safe, and legally sufficient work environment for their employees and complies with California laws governing Labor and Employment issues, despite the fact that both of these impressions are untrue. Instead, Defendants were practicing fraudulent wage theft. Defendants' fraudulent pattern of wrongful, improper, and unlawful business practices is injurious to Defendants' employees and consumers alike.

**Unlawful Conduct**

97. "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practices forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.,* 2 Cal.4th 377, 383 (1992).

98. By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. *See Blanks v. Shaw,* 171 Cal. App. 4th 336, 363-64 (2009); *Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144, 1153 (2000).

99. Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

    a. Violations of *Cal. Labor Code* § 510;

    b. Violations of *Cal. Labor Code* § 512; and

    c. Violations of *Cal. Labor Code* § 226.7.

100. The violation of these laws serves as unlawful predicate acts that constitute an overarching fraudulent scheme of wage theft resulting in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

– 18 –

101. Plaintiff are entitled to restitutionary damages which constitutes or results from all unpaid overtime wages, and the additional hours of pay at Plaintiff' regular rate for Defendants' failure to provide meal and rest periods.


### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant BRAIFORM ENTERPRISES INCORPORATED, and DOES 1 through 10, as follows:

1. All Damages owed to Plaintiff, including consequential and incidental financial losses, unpaid wages, restitution, liquidated damages, costs, attorneys' fees, and statutory damages;

2. All Civil penalties and relief allowed for Plaintiff under the *California Labor Code* and arising out of Defendants' violations of the same, not including representative penalties available under the Private Attorneys General Act;

3. Injunctive relief, arbitration costs and reasonable attorneys' fees;

4. Reasonable attorneys' fees, costs, and filing fees paid according to proof;

5. Post-judgment interest according to any applicable provision of law, and according to proof;

6. Costs and fees incurred as a result of the above-captioned action; and

7. Any additional, further relief as the Arbitrator deems proper.

Dated: April 13, 2020                          **JAIN LAW OFFICES, P.C.**


BY: _____
                                    Kunal Jain
                            **Attorney for Plaintiff,**
                            **SALVADOR MORA**

**AMERICAN ARBITRATION ASSOCIATION**

**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

To ensure your demand is processed promptly, please file online at www.adr.org/support. Complete this form, provide last known email addresses and include a copy of the Arbitration Agreement, Plan or Contract.

| | |
|---|---|
| **Mediation:** If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box ☑. | |

### Parties (Claimant)

| | | |
|---|---|---|
| Name of Claimant:  Salvador Mora | | |
| Address:  214 S. Broad View Street | | |
| City:  Anaheim | State:  California | Zip Code:  92804 |
| Phone No.:  714-391-7990 | Fax No.: | |
| Email Address: | | |
| Representative's Name (if known):  J.B. Twomey, Esq.; Kunal Jain, Esq.; James L. Hanger III, Esq. | | |
| Firm (if applicable):  J.B. Twomey Law; Jain Law Offices, P.C. | | |
| Representative's Address:  7056 Archibald Street, Suite 102-452 | | |
| City:  Corona | State:  California | Zip Code:  92880 |
| Phone No.:  310-980-6357; 310-957-2214 | Fax No.: | |
| Email Address:  JB@JBTwomeyLaw.com; Kunal@JainLawOffices.com; James@JainLawOffices.com | | |

### Parties (Respondent)

| | | |
|---|---|---|
| Name of Respondent:  BRAIFORM ENTERPRISES INCORPORATED | | |
| Address:  12 B GERBER ROAD | | |
| City:  ASHEVILLE | State:  North Carolina | Zip Code:  28803 |
| Phone No.: | Fax No.: | |
| Email Address: | | |
| Representative's Name (if known):  Drake Mirsch, Esq.; Julie O'Dell, Esq. | | |
| Firm (if applicable):  Lewis Brisbois | | |
| Representative's Address:  650 Town Center Drive, Suite 1400 | | |
| City:  Costa Mesa | State:  California | Zip Code:  92626 |
| Phone No.:  714-668-5549 | Fax No.: | |
| Email Address:  Drake.Mirsch@LewisBrisbois.com; Julie.ODell@lewisbrisbois.com | | |

Claim: What was/is the employee/worker's annual wage range? ☑ Less than $100,000  ☐ $100,000-$250,000  ☐ Over $250,000
*Note: This question is required by California law.*

Amount of Claim: Over $75,000

Claim involves: ☑ Statutorily Protected Rights ☑ Non-Statutorily Protected Rights

AMERICAN ARBITRATION ASSOCIATION

**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

In detail, please describe the nature of each claim. You may attach additional pages if necessary:

Failure to: Pay Overtime Wages (Cal. Labor Code ("CLC")§§ 510 & 204.3); Make Meal Periods Available (CLC § 512); Make Rest Periods Available (CLC § 226.7); Provide Accurate Wage Statements (CLC § 226); Provide Access to Records (CLC § 226(c)); Provide Access to Personnel File (CLC § 1198.5); and for Violations of Cal. Bus. & Prof. Code § 17200 and for Waiting Time Penalties (CLC § 203)   ➕

Other Relief Sought: ☑ Attorneys Fees   ☑ Interest   ☑ Arbitration Costs   ☑ Punitive/ Exemplary
☑ Other:  Civil penalties and other relief as specified in accompanying Complaint in the Prayer section

Please describe the qualifications for arbitrator(s) to hear this dispute:

Arbitrator should be experienced with California wage and hour laws regarding overtime, meal and rest breaks, wage statements, record keeping requirements, and waiting time penalties.  Experience and familiarity with wage and hour law in the context of the Private Attorneys General Act ("PAGA") would be ideal.

| Hearing: Estimated time needed for hearings overall: | hours  or  5 | days |
|---|---|---|

Hearing Locale:  Los Angeles, CA

*(check one)* ☐ Requested by Claimant   ☑ Locale provision included in the contract

Filing Fee requirement or $300 (max amount per AAA)

Filing by Company:  ☐ $2,200 single arbitrator   ☐ $2,800 three arbitrator panel

Notice: To begin proceedings, **please file online at www.adr.org/fileonline.** You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

| Signature (may be signed by a representative): | Date: April 13, 2020 |
|---|---|

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-800-778-7879. If you have any questions regarding the waiver of administrative fees, AAA Customer Service can be reached at 1-800-778-7879. Please visit our website at www.adr.org/support to file this case online.

Home

# THANK YOU!

## YOUR AAA CASE NUMBER : 01-20-0004-9309

Thank you for choosing American Arbitration Association.
Please print a copy of this page for your record.

Print

## Basic Filing Information:

James Hanger III
3109572214
James@JainLawOffices.com
Arbitration

Per Arbitration Agreement, Employer to pay Arbitration filing cost

| Filing Fee Charged | $0.00 | **Documents received on 2020-04-13 21:51:13.0 Eastern Time** |
|---|---|---|

## What's Next

_____

• This acknowledges receipt of your documentation on 2020-04-13 21:51:13.0 Eastern Time. This notice does not constitute the AAA's initiation of the case or satisfaction of all AAA administrative filing requirements. An email copy of this

receipt will be sent to <u>James@JainLawOffices.com</u> shortly.

- <u>DON'T FORGET</u> to send a copy of the completed form and any attachments to all parties and retain a copy of the form for your record.

- Your documentation will be reviewed and, if all filing requirements are met, assigned to a case manager who will be in contact with all parties. Should additional information or clarification be required you will be contacted by our case filing department.

- Once a case manager has been assigned, you will have access to the case at WebFile. If you do not see your case at that time, please contact <u>customerservice@adr.org</u>

- If you need assistance with your case before being contacted by your case manager, please contact our Case Filing Office at <u>casefiling@adr.org</u>

- Please be sure to reference your AAA case Number, as provided above.

- For additional information, please see the <u>applicable rules</u>

**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiff,
LIDIA RIOS

# IN THE AMERICAN ARBITRATION ASSOCIATION
## LOS ANGELES REGIONAL OFFICE

| | |
|---|---|
| LIDIA RIOS, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION** |
| vs. | |
| BRAIFORM ENTERPRISES INCORPORATED, a New York corporation; and DOES 1 through 10, Inclusive, | |
| Defendants. | |

Plaintiff LIDIA RIOS, an individual, hereby complains, alleges and states as follows:

## PARTIES

1. At all times relevant herein, Defendant BRAIFORM ENTERPRISES INCORPORATED was and is a corporation incorporated in New York and doing business in the State of California, County of Orange.

2. Defendant BRAIFORM ENTERPRISES INCORPORATED, and Defendant DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

3. At all times relevant herein, Plaintiff LIDIA RIOS (hereinafter individually referred to as "Plaintiff") was employed by and worked for Defendants, and each of them, in the State of California, County of Orange.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, Inclusive, and each of them, are unknown to Plaintiff, who therefore brings this action against said Defendants.

5. Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer  or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided

and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

## **JURISDICTION AND VENUE**

6. The American Arbitration Association ("AAA") has jurisdiction over this action pursuant to that certain Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement") executed by and between Plaintiff and Defendants.

7. On December 17, 2019, Plaintiff, along with three other individual plaintiffs, brought an action against Defendants in United States District Court for the Central District of California as Case No. 8:19-CV-02434-JVS-DFM (the "Federal Action"). The Federal Action alleged eight (8) individual claims and one representative claim on behalf of plaintiffs and current and former aggrieved employees of Defendants under the statutory framework of the California Private Attorneys General Act ("PAGA").

8. The court in the Federal Action ordered both the individual claims and representative PAGA claim of the plaintiffs, including Plaintiff, be stayed pending arbitration of the plaintiffs' individual claims. That court's two-fold reasoning for the stay was: the representative PAGA claim is not subject to arbitration; and to preserve that court's facilitation of any limited post-arbitration proceeding, such as motions to confirm or to vacate any resulting award of arbitration.

9. Plaintiff last was employed by Defendants in Orange County, California.

10. Pursuant to the terms of the Arbitration Agreement, Plaintiff now demands arbitration with the AAA at its Los Angeles location pursuant to the terms of the Arbitration Agreement. Venue is therefore proper. The remaining plaintiffs in the Federal Action are each filing their respective Complaints for Damages and Demands for Arbitration separately from Plaintiff.

**FACTUAL ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

12. Defendants' "mission is to change the global retail industry for good, by offering garment hangers and packaging solutions that are better for business – and the environment." In order to carry out Defendants' mission, Defendants employed one or more employees in the State of California, County of Orange.

13. Plaintiff was hired by Defendants in or around 2016 as a non-exempt general laborer. Plaintiff was on doctor mandated disability leave when Defendants terminated her employment on or around August 16, 2019.

14. Throughout Plaintiff's employment with Defendants, she was provided a compensation structure that included non-discretionary bonus(es)/incentive pay. However, the bonus(es)/incentive pay were not taken into account when calculating Plaintiff's regular rate of pay for the workweek in which said bonus(es)/incentive pay was/were paid.

15. Under California law, in determining the regular rate of pay for purposes of calculating the proper overtime premium pay, the employer must consider not only straight hourly wage compensation but must also include payment of all remuneration including non-discretionary bonuses/incentive pay.

16. Despite California law requiring employers to include all remuneration as part of the regular rate for determining overtime premium pay, Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay. Accordingly, Defendants willfully failed to pay Plaintiff her proper overtime rate, resulting in fraudulent wage theft of unpaid overtime wages. And when Defendants willfully, fraudulently, and deceitfully failed to pay Plaintiff her proper overtime wages, it/they also willfully failed to

– 4 –

provide her compensating time off at a rate of not less than one and one-half hours for the underpaid overtime compensation that was required by law, thus resulting in further fraudulent wage theft from Plaintiff.

17. Because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay, Plaintiff was not always paid all wages she earned twice during a calendar month, which results in fraudulent wage theft.

18. Moreover, because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay, the itemized wage statements Defendants provided to Plaintiff were inaccurate and deceitful.  Specifically, the statements deceitfully failed to show all wages earned and that should have been paid to Plaintiff.

19. All itemized wage statements Defendants provided to Plaintiff were also deceitfully inaccurate for failing to identify the legal entity employing Plaintiff.  Specifically, the statements reflect "Spotless Enterprises Incorporated" as the employer, despite Plaintiff presumably being employed by Braiform Enterprises Incorporated and receiving W-2s at the end of each year of employment from Braiform Enterprises Incorporated.  And finally, all itemized wage statements Defendants provided to Plaintiff failed to include Braiform Enterprises Incorporated's address.  These practices were a deceitful attempt by Defendants to cover its tracks to prevent Plaintiff from realizing Defendant's fraudulent wage theft as described hereinabove.

20. Moreover, Plaintiff was required to work for periods of time longer than five (5) hours.  On occasion, Defendants willfully failed make timely, uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff.  Similarly, on certain occasions, Defendants willfully failed to make available timely, uninterrupted rest periods of not less than ten (10) minutes for

every four (4) hours, or substantial portion thereof, Plaintiff worked. When Plaintiff was not provided timely, uninterrupted meal and/or rest periods, Defendants willfully failed to pay her an additional hour at their regular rate of pay, which amounts to further fraudulent wage theft.

21. Additionally, during all times relevant, Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe. Defendants willfully forbade Plaintiff access to toilet facilities except during any meal and/or rest period that was/were provided. Accordingly, during all times relevant, Defendants willfully failed to safeguard the health of Plaintiff. And only providing Plaintiff access to toilet facilities during her meal and/or rest periods resulted in further willful violations of California's meal and rest period law.

22. On each day that Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities during the work day, Plaintiff was required to access the toilet facilities during any meal or rest period that was/were provided. This resulted in Plaintiff receiving less than a ten-minute rest and/or meal break since Plaintiff was required to wait in line and/or use their rest break to use the toilet facilities. In addition, on every such day Defendants willfully failed to give Plaintiff any penalty pay or premium despite her inability to take a ten (10) minute break due to the willful and improper conduct of Defendants.

23. And if Plaintiff attempted to access the toilet facilities during a time outside any meal and/or rest period that was/were provided, she was threatened with termination by her manager, Nerva Cortez. Thus, Defendants, by and through their agent, caused the herein-described violations of California law pertaining to meal and rest periods. Plaintiff's wage statements were further inaccurate since they failed to include any meal or rest break premium that resulted from Defendants failure to provide ten (10) minute break. These practices were further deceitful attempts by Defendants to obfuscate its fraudulent wage theft as described hereinabove.

24. At the time of Plaintiff's termination, and to this day, Defendants have willfully failed to pay her, at the place of discharge, all the herein-described wages owed to her. This once again amounts to fraudulent wage theft by Defendants.

25. On or around May 31, 2019, Plaintiff sent Defendants a written request for Defendants to produce, or give Plaintiff access to, Plaintiff's personnel file and itemized wage/payroll statements.

26. As of the date of this complaint, Defendants have failed to provide Plaintiff with, or access to, the hard-copy itemized wage/payroll statements that were issued to her at the close of each pay period. Instead, Defendants willfully and deceitfully provided what appears to be the payroll providers' electronic versions of wage statements. These electronic versions contain different information than Plaintiff's hard-copy itemized wage/payroll statements.

27. Plaintiff is informed and believes and thereon alleges that Defendants and Defendant Cortez, and each them (1) knew overtime wages were due Plaintiff, but willfully and fraudulently failed to pay her those wages; (2) denied Plaintiff her statutorily required rest periods, and willfully and fraudulently failed to pay her the one hour of wage at their regular rate of pay for each rest periods it denied them; (3) denied Plaintiff her statutorily required meal periods, and willfully and fraudulently failed to pay her the one hour of wage at her regular rate of pay for each meal periods it denied her; (4) failed to pay Plaintiff all wages earned twice during each month because Defendants willfully and fraudulently failed to pay her all overtime wages and the additional hour at her regular rate of pay for all meal and rest periods not provided to her; (5) failed to keep and provide Plaintiff with accurate wage statements to obfuscate its fraudulent wage theft; (6) failed to pay Plaintiff all wages owing at the time her employment ended; (7) deceitfully failed to provide Plaintiff with, or access to, Plaintiff' itemized wage/payroll

– 7 –

statements; (8) and willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe.

## **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of *Cal. Labor Code* §§ 510 & 204.3**

**(Against All Non-Individual Defendants)**

28.  Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

29.  At all times relevant herein, C*alifornia Labor Code* sections 510 and 204.3, as well as, IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

30.  Under *California Labor Code* § 510(a), "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

31.  Section 3 of the IWC Wage Order No. 5-2001 states in part:  ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (71h) consecutive day of work in a workweek. (c) The overtime rate of compensation required

to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary."

32. "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate." *California Labor Code* Section 204.3.

33. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 510 and 204.3.

34. As a proximate result of Defendants' failure to pay Plaintiff her proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendants an amount equal to the wages unlawfully unpaid and interest thereon.

35. "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *California Labor Code* § 1194.

36. As a proximate result of Defendants' willful and fraudulent failure to pay Plaintiff's overtime wages, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and have incurred and will continue to incur attorneys' fees and costs in connection therewith.

37. Plaintiff pray that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's overtime wage compensation, including interest thereon, reasonable attorneys' fees, and costs of arbitration.

## SECOND CAUSE OF ACTION

### Failure to Make Meal Periods Available in Violation of *Cal. Labor Code* § 512

### (Against All Defendants)

38. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

39. At all times relevant herein, C*alifornia Labor Code* sections 512, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

40. Under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

41. Also under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

42. Section 11 of the IWC Wage Order No. 5-2001 states in part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

43. Additionally, Section 11 of the IWC Wage Order No. 5-2001 states in part: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

44. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 512.

45. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

46. Plaintiff is informed and believes and thereon alleges that *California Labor Code* sections 512 and 226.7 and Section 11 of the IWC Wage Orders, were caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

47. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the willful and fraudulent wage theft violations of *California Labor Code* section 512.

48. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's meal period wages, including interest thereon.

## THIRD CAUSE OF ACTION

### Failure to Make Rest Periods Available in Violation of *Cal. Labor Code* § 226.7

### (Against All Defendants)

49. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

50. At all times relevant herein, *California Labor Code* sections 226.7, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

51. Employees are entitled to a net rest period of at least ten (10) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday. *Cal. Lab. Code* § 226.7.

52. *California Labor Code* § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked.

53. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent wage theft violations of *California Labor Code* section 226.7.

54. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

55. Plaintiff is informed and believes and thereon alleges that *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders, were willfully caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

56. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the violations of *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders.   These violations were part of Defendants' and Defendant Cortez's fraudulent scheme of wage theft against Plaintiff.

57. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff' rest period wages, including interest thereon.

## FOURTH CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements in Violation *Cal. Labor Code* § 226**

**(Against All Non-Individual Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59. At all times relevant herein, C*alifornia Labor Code* § 226 is and was in full force and effect and were binding on Defendants.

60. Defendants, and each of them, were obligated under *Labor Code* § 226 and the applicable IWC Wage Order, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing nine specific categories of information.

61. Pursuant to *Labor Code* § 226(e)(1), Plaintiff is entitled to recover the greater of all actual damages or a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00, as well as, an award of costs and reasonable attorney's fees.

62. As set forth herein, Plaintiff was a victim of Defendants' deceitful wage statement practices to hide their fraudulent wage theft, which actions resulted in violations of *California Labor Code* section 226.

63. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 226, as well as, an award of arbitration costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties in Violation of *Cal. Labor Code* § 203

### (Against All Non-Individual Defendants)

64. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

65. At all times relevant herein, C*alifornia Labor Code* section 203 is and was in full force and effect and were binding on Defendants.

66. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is

discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Cal. Lab. Code* § 203(a).

67. "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Id.* at (b).

68. "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." *California Labor Code* § 218.5.

69. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 201, 202, 203 and 208.

70. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 203, as well as, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Failure to Provide Access to Records in Violation of *Cal. Labor Code* § 226(c)
### (Against All Non-Individual Defendants)

71. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

72. At all times relevant herein, C*alifornia Labor Code* section 226(c) is and was in full force and effect and was binding on Defendants.

73. "An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer." *Cal. Lab. Code* § 226(b).

74. "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as

– 14 –

soon as practicable, but no later than 21 calendar days from the date of the request." *Cal. Lab. Code* § 226(c).

75. "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." *Cal. Lab. Code* § 226(f).

76. "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees." *Cal. Lab. Code* § 226(h).

77. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 226(c).  Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

78. Plaintiff prays that the Court award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 226(f) and (h).

## SEVENTH CAUSE OF ACTION

### Failure to Provide Access to Personnel File in Violation of *Cal. Labor Code* § 1198.5
### (Against All Non-Individual Defendants)

79. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

80. At all times relevant herein, C*alifornia Labor Code* section 1198.5 is and was in full force and effect and was binding on Defendants.

81. *California Labor Code* section 1198.5, subdivision (b) mandates than an employer who receives a written or oral request from an employee or former employee to inspect records pursuant to that section "shall" comply with the request within 30 days.  *Cal. Lab. Code* §

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

1198.5(b).

82. Whenever an employer fails to comply with section 1198.5, the employee is entitled to recover a penalty of $750 from the employer. *Cal. Lab. Code* § 1198.5(k). In the event an employee must bring an action to ensure compliance with the code, he/she is entitled to recover attorney's fees. *Cal. Lab. Code* § 1198.5(1).

83. As set forth herein, Plaintiff was a victim of Defendants' willful violations of *California Labor Code* section 1198.5. Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

84. Accordingly, Defendants can be held liable for the damages stemming from the violations of *California Labor Code* section 1198.5.

85. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 1198.5(k) and (l).

## EIGHTH CAUSE OF ACTION

### Violations of *Cal. Bus. & Prof. Code* § 17200

### (Against All Non-Individual Defendants)

86. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

87. At all times relevant herein, C*alifornia Business and Professions Code* § 17200 *et seq.* is and was in full force and effect and was binding on Defendants.

88. The Unfair Competition Law ("UCL"), which is codified under *California Business and Professions Code* § 17200 *et seq.* prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive, untrue or misleading advertising."

– 16 –

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

89. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct, Plaintiff has standing to sue in order to obtain the remedies that are available to Plaintiff under the UCL.

90. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *Bus. & Prof. Code* § 17203.

91. An action may be brought under the UCL by any person, corporation or association, or by any person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* § 17204.

92. A Plaintiff may bring § 17200 claim even when the underlying statutory violation does not provide the Plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th 832, 839.

**Unfair Conduct**

93. As set forth herein, Defendants engaged in a pattern of unfair, unlawful, deceitful and fraudulent business practices with respect to Plaintiff's employment in violation of *Bus. & Prof. Code* § 17200.

94. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the following, wrongful, improper, and unfair conduct:

   a. Defendants unfairly failed to pay Plaintiff overtime wages due;

   b. Defendants unfairly denied Plaintiff meal periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the meal periods; and

   c. Defendants unfairly denied Plaintiff rest periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the rest periods.

95.  Defendants' conduct also violated the "unfair" prong of the UCL because the utility of Defendants' actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on employees.

96.  Further, the public is led to believe that Defendant provides a fair, safe, and legally sufficient work environment for their employees and complies with California laws governing Labor and Employment issues, despite the fact that both of these impressions are untrue.  Instead, Defendants were practicing fraudulent wage theft.  Defendants' fraudulent pattern of wrongful, improper, and unlawful business practices is injurious to Defendants' employees and consumers alike.

**Unlawful Conduct**

97.  "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practices forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.,* 2 Cal.4th 377, 383 (1992).

98.  By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable.  *See Blanks v. Shaw,* 171 Cal. App. 4th 336, 363-64 (2009); *Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144, 1153 (2000).

99.  Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

   a.  Violations of *Cal. Labor Code* § 510;

   b.  Violations of *Cal. Labor Code* § 512; and

   c.  Violations of *Cal. Labor Code* § 226.7.

100. The violation of these laws serves as unlawful predicate acts that constitute an overarching fraudulent scheme of wage theft resulting in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

101. Plaintiff are entitled to restitutionary damages which constitutes or results from all unpaid overtime wages, and the additional hours of pay at Plaintiff' regular rate for Defendants' failure to provide meal and rest periods.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant BRAIFORM ENTERPRISES INCORPORATED, and DOES 1 through 10, as follows:

1. All Damages owed to Plaintiff, including consequential and incidental financial losses, unpaid wages, restitution, liquidated damages, costs, attorneys' fees, and statutory damages;

2. All Civil penalties and relief allowed for Plaintiff under the *California Labor Code* and arising out of Defendants' violations of the same, not including representative penalties available under the Private Attorneys General Act;

3. Injunctive relief, arbitration costs and reasonable attorneys' fees;

4. Reasonable attorneys' fees, costs, and filing fees paid according to proof;

5. Post-judgment interest according to any applicable provision of law, and according to proof;

6. Costs and fees incurred as a result of the above-captioned action; and

7. Any additional, further relief as the Arbitrator deems proper.

Dated: April 13, 2020                                    **JAIN LAW OFFICES, P.C.**


BY: _____
                                                                  Kunal Jain
                                                     Attorney for Plaintiff,
                                                     LIDIA RIOS

AMERICAN ARBITRATION ASSOCIATION

**EMPLOYMENT ARBITRATION RULES
DEMAND FOR ARBITRATION**

To ensure your demand is processed promptly, please file online at www.adr.org/support. Complete this form, provide last known email addresses and include a copy of the Arbitration Agreement, Plan or Contract.

| Mediation: If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box ☑. |
|---|

| **Parties (Claimant)** | | |
|---|---|---|
| Name of Claimant:  Lidia Rios | | |
| Address:  175 S. Rio Vista Street #50 | | |
| City:  Anaheim | State:  California | Zip Code:  92806 |
| Phone No.:  562-507-6640 | Fax No.: | |
| Email Address: | | |
| Representative's Name (if known):  J.B. Twomey, Esq.; Kunal Jain, Esq.; James L. Hanger III, Esq. | | |
| Firm (if applicable):  J.B. Twomey Law; Jain Law Offices, P.C. | | |
| Representative's Address:  7056 Archibald Street, Suite 102-452 | | |
| City:  Corona | State:  California | Zip Code:  92880 |
| Phone No.:  310-980-6357; 310-957-2214 | Fax No.: | |
| Email Address:  JB@JBTwomeyLaw.com; Kunal@JainLawOffices.com; James@JainLawOffices.com | | |
| **Parties (Respondent)** | | |
| Name of Respondent:  BRAIFORM ENTERPRISES INCORPORATED | | |
| Address:  12 B GERBER ROAD | | |
| City:  ASHEVILLE | State:  North Carolina | Zip Code:  28803 |
| Phone No.: | Fax No.: | |
| Email Address: | | |
| Representative's Name (if known):  Drake Mirsch, Esq.; Julie O'Dell, Esq. | | |
| Firm (if applicable):  Lewis Brisbois | | |
| Representative's Address:  650 Town Center Drive, Suite 1400 | | |
| City:  Costa Mesa | State:  California | Zip Code:  92626 |
| Phone No.:  714-668-5549 | Fax No.: | |
| Email Address:  Drake.Mirsch@LewisBrisbois.com; Julie.ODell@lewisbrisbois.com | | |
| Claim: What was/is the employee/worker's annual wage range?  ☑ Less than $100,000  ☐ $100,000-$250,000  ☐ Over $250,000 *Note: This question is required by California law.* | | |
| Amount of Claim:  Over $75,000 | | |
| Claim involves:  ☑ Statutorily Protected Rights  ☑ Non-Statutorily Protected Rights | | |

AMERICAN ARBITRATION ASSOCIATION

**EMPLOYMENT ARBITRATION RULES
DEMAND FOR ARBITRATION**

In detail, please describe the nature of each claim. You may attach additional pages if necessary:

Failure to: Pay Overtime Wages (Cal. Labor Code ("CLC")§§ 510 & 204.3); Make Meal Periods Available (CLC § 512); Make Rest Periods Available (CLC § 226.7); Provide Accurate Wage Statements (CLC § 226); Provide Access to Records (CLC § 226(c)); Provide Access to Personnel File (CLC § 1198.5); and for Violations of Cal. Bus. & Prof. Code § 17200 and for Waiting Time Penalties (CLC § 203)

Other Relief Sought: ☑ Attorneys Fees  ☑ Interest  ☑ Arbitration Costs  ☑ Punitive/ Exemplary
☑ Other:  Civil penalties and other relief as specified in accompanying Complaint in the Prayer section

Please describe the qualifications for arbitrator(s) to hear this dispute:

Arbitrator should be experienced with California wage and hour laws regarding overtime, meal and rest breaks, wage statements, record keeping requirements, and waiting time penalties.  Experience and familiarity with wage and hour law in the context of the Private Attorneys General Act ("PAGA") would be ideal.

Hearing: Estimated time needed for hearings overall:          hours  or  5          days

Hearing Locale:  Los Angeles, CA

*(check one)* ☐ Requested by Claimant  ☑ Locale provision included in the contract

Filing Fee requirement or $300 (max amount per AAA)

Filing by Company: ☐ $2,200 single arbitrator  ☐ $2,800 three arbitrator panel

Notice: To begin proceedings, **please file online at www.adr.org/fileonline.** You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

Signature (may be signed by a representative):

Date:

April 13, 2020

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-800-778-7879. If you have any questions regarding the waiver of administrative fees, AAA Customer Service can be reached at 1-800-778-7879. Please visit our website at www.adr.org/support to file this case online.

Home

# THANK YOU!

## YOUR AAA CASE NUMBER : 01-20-0004-9308

Thank you for choosing American Arbitration Association.
Please print a copy of this page for your record.

Print

Basic Filing Information:

James Hanger III
3109572214
James@JainLawOffices.com
Arbitration

| Filing Fee Charged | $0.00 | **Documents received on 2020-04-13 21:51:13.0 Eastern Time** |

# What's Next

---------------------------------------------------------------------------------------

• This acknowledges receipt of your documentation on 2020-04-13 21:51:13.0
Eastern Time. This notice does not constitute the AAA's initiation of the case or
satisfaction of all AAA administrative filing requirements. An email copy of this

receipt will be sent to <u>James@JainLawOffices.com</u> shortly.

• <u>DON'T FORGET</u> to send a copy of the completed form and any attachments to all parties and retain a copy of the form for your record.

• Your documentation will be reviewed and, if all filing requirements are met, assigned to a case manager who will be in contact with all parties. Should additional information or clarification be required you will be contacted by our case filing department.

• Once a case manager has been assigned, you will have access to the case at WebFile. If you do not see your case at that time, please contact <u>customerservice@adr.org</u>

• If you need assistance with your case before being contacted by your case manager, please contact our Case Filing Office at <u>casefiling@adr.org</u>

• Please be sure to reference your AAA case Number, as provided above.

• For additional information, please see the <u>applicable rules</u>

**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiff,
MARIA TAPIA

# IN THE AMERICAN ARBITRATION ASSOCIATION
# LOS ANGELES REGIONAL OFFICE

| | |
|---|---|
| MARIA TAPIA, an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>BRAIFORM ENTERPRISES INCORPORATED, a New York corporation; and DOES 1 through 10, Inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION** |

Plaintiff MARIA TAPIA, an individual, hereby complains, alleges and states as follows:

**PARTIES**

1.  At all times relevant herein, Defendant BRAIFORM ENTERPRISES INCORPORATED was and is a corporation incorporated in New York and doing business in the State of California, County of Orange.

2.  Defendant BRAIFORM ENTERPRISES INCORPORATED, and Defendant DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

3.  At all times relevant herein, Plaintiff MARIA TAPIA (hereinafter individually referred to as "Plaintiff") was employed by and worked for Defendants, and each of them, in the State of California, County of Orange.

4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, Inclusive, and each of them, are unknown to Plaintiff, who therefore brings this action against said Defendants.

5.  Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer  or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees,   predecessor-in-interest,   successor-in-interest,   trustees,   trustors,   and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided

and abetted, assisted, acted, or failed to act, with one another in the commission of the
wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

6.  The American Arbitration Association ("AAA") has jurisdiction over this action pursuant to
    that certain Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement") executed by
    and between Plaintiff and Defendants.

7.  On December 17, 2019, Plaintiff, along with three other individual plaintiffs, brought an action
    against Defendants in United States District Court for the Central District of California as Case
    No. 8:19-CV-02434-JVS-DFM (the "Federal Action").  The Federal Action alleged eight (8)
    individual claims and one representative claim on behalf of plaintiffs and current and former
    aggrieved employees of Defendants under the statutory framework of the California Private
    Attorneys General Act ("PAGA").

8.  The court in the Federal Action ordered both the individual claims and representative PAGA
    claim of the plaintiffs, including Plaintiff, be stayed pending arbitration of the plaintiffs'
    individual claims.   That court's two-fold reasoning for the stay was: the representative PAGA
    claim is not subject to arbitration; and to preserve that court's facilitation of any limited post-
    arbitration proceeding, such as motions to confirm or to vacate any resulting award of
    arbitration.

9.  Plaintiff last was employed by Defendants in Orange County, California.

10. Pursuant to the terms of the Arbitration Agreement, Plaintiff now demands arbitration with the
    AAA at its Los Angeles location pursuant to the terms of the Arbitration Agreement.  Venue is
    therefore proper.  The remaining plaintiffs in the Federal Action are each filing their respective
    Complaints for Damages and Demands for Arbitration separately from Plaintiff.

## **FACTUAL ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

12. Defendants' "mission is to change the global retail industry for good, by offering garment hangers and packaging solutions that are better for business – and the environment."  In order to carry out Defendants' mission, Defendants employed one or more employees in the State of California, County of Orange.

13. Plaintiff was hired by Defendants in or around December 2014 as a non-exempt general laborer and was terminated by Defendants on or around August 16, 2019.

14. Throughout Plaintiff's employment with Defendants, she was provided a compensation structure that included non-discretionary bonus(es)/incentive pay.  However, the bonus(es)/incentive pay were not taken into account when calculating Plaintiff's regular rate of pay for the workweek in which said bonus(es)/incentive pay was/were paid.

15. Under California law, in determining the regular rate of pay for purposes of calculating the proper overtime premium pay, the employer must consider not only straight hourly wage compensation but must also include payment of all remuneration including non-discretionary bonuses/incentive pay.

16. Despite California law requiring employers to include all remuneration as part of the regular rate for determining overtime premium pay, Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay.  Accordingly, Defendants willfully failed to pay Plaintiff her proper overtime rate, resulting in fraudulent wage theft of unpaid overtime wages.  And when Defendants willfully, fraudulently, and deceitfully failed to pay Plaintiff her proper overtime wages, it/they also willfully failed to provide her compensating time off at a rate of not less than one and one-half hours for the

underpaid overtime compensation that was required by law, thus resulting in further fraudulent wage theft from Plaintiff.

17. Because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay, Plaintiff was not always paid all wages she earned twice during a calendar month, which results in fraudulent wage theft.

18. Moreover, because Defendants willfully, fraudulently, deceitfully, and entirely excluded Plaintiff's bonus/incentive pay in calculating her overtime rate of pay, the itemized wage statements Defendants provided to Plaintiff were inaccurate and deceitful. Specifically, the statements deceitfully failed to show all wages earned and that should have been paid to Plaintiff.

19. All itemized wage statements Defendants provided to Plaintiff were also deceitfully inaccurate for failing to identify the legal entity employing Plaintiff. Specifically, the statements reflect "Spotless Enterprises Incorporated" as the employer, despite Plaintiff presumably being employed by Braiform Enterprises Incorporated and receiving W-2s at the end of each year of employment from Braiform Enterprises Incorporated. And finally, all itemized wage statements Defendants provided to Plaintiff failed to include Braiform Enterprises Incorporated's address. These practices were a deceitful attempt by Defendants to cover its tracks to prevent Plaintiff from realizing Defendant's fraudulent wage theft as described hereinabove.

20. Moreover, Plaintiff was required to work for periods of time longer than five (5) hours. On occasion, Defendants willfully failed make timely, uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff. Similarly, on certain occasions, Defendants willfully failed to make available timely, uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff worked. When Plaintiff was not

provided timely, uninterrupted meal and/or rest periods, Defendants willfully failed to pay her an additional hour at their regular rate of pay, which amounts to further fraudulent wage theft.

21. Additionally, during all times relevant, Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe. Defendants willfully forbade Plaintiff access to toilet facilities except during any meal and/or rest period that was/were provided. Accordingly, during all times relevant, Defendants willfully failed to safeguard the health of Plaintiff. And only providing Plaintiff access to toilet facilities during her meal and/or rest periods resulted in further willful violations of California's meal and rest period law.

22. On each day that Defendants willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities during the work day, Plaintiff was required to access the toilet facilities during any meal or rest period that was/were provided. This resulted in Plaintiff receiving less than a ten-minute rest and/or meal break since Plaintiff was required to wait in line and/or use their rest break to use the toilet facilities. In addition, on every such day Defendants willfully failed to give Plaintiff any penalty pay or premium despite her inability to take a ten (10) minute break due to the willful and improper conduct of Defendants.

23. And if Plaintiff attempted to access the toilet facilities during a time outside any meal and/or rest period that was/were provided, she was threatened with termination by her manager, Nerva Cortez. Thus, Defendants, by and through their agent, caused the herein-described violations of California law pertaining to meal and rest periods. Plaintiff's wage statements were further inaccurate since they failed to include any meal or rest break premium that resulted from Defendants failure to provide ten (10) minute break. These practices were further deceitful attempts by Defendants to obfuscate its fraudulent wage theft as described hereinabove.

24. At the time of Plaintiff's termination, and to this day, Defendants have willfully failed to pay her, at the place of discharge, all the herein-described wages owed to her. This once again amounts to fraudulent wage theft by Defendants.

25. On or around June 3, 2019, Plaintiff sent Defendants a written request for Defendants to produce, or give Plaintiff access to, Plaintiff's personnel file and itemized wage/payroll statements.

26. As of the date of this complaint, Defendants have failed to provide Plaintiff with, or access to, the hard-copy itemized wage/payroll statements that were issued to her at the close of each pay period. Instead, Defendants willfully and deceitfully provided what appears to be the payroll providers' electronic versions of wage statements. These electronic versions contain different information than Plaintiff's hard-copy itemized wage/payroll statements.

27. Plaintiff is informed and believes and thereon alleges that Defendants and Defendant Cortez, and each them (1) knew overtime wages were due Plaintiff, but willfully and fraudulently failed to pay her those wages; (2) denied Plaintiff her statutorily required rest periods, and willfully and fraudulently failed to pay her the one hour of wage at their regular rate of pay for each rest periods it denied them; (3) denied Plaintiff her statutorily required meal periods, and willfully and fraudulently failed to pay her the one hour of wage at her regular rate of pay for each meal periods it denied her; (4) failed to pay Plaintiff all wages earned twice during each month because Defendants willfully and fraudulently failed to pay her all overtime wages and the additional hour at her regular rate of pay for all meal and rest periods not provided to her; (5) failed to keep and provide Plaintiff with accurate wage statements to obfuscate its fraudulent wage theft; (6) failed to pay Plaintiff all wages owing at the time her employment ended; (7) deceitfully failed to provide Plaintiff with, or access to, Plaintiff' itemized wage/payroll

statements; (8) and willfully and repeatedly refused to furnish Plaintiff reasonable access to toilet facilities, making Defendants' place of employment unsafe.

## **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of *Cal. Labor Code* §§ 510 & 204.3**

**(Against All Non-Individual Defendants)**

28.  Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

29.  At all times relevant herein, C*alifornia Labor Code* sections 510 and 204.3, as well as, IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

30.  Under *California Labor Code* § 510(a), "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

31.  Section 3 of the IWC Wage Order No. 5-2001 states in part:  ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (71h) consecutive day of work in a workweek. (c) The overtime rate of compensation required

to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary."

32. "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate." *California Labor Code* Section 204.3.

33. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 510 and 204.3.

34. As a proximate result of Defendants' failure to pay Plaintiff her proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendants an amount equal to the wages unlawfully unpaid and interest thereon.

35. "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *California Labor Code* § 1194.

36. As a proximate result of Defendants' willful and fraudulent failure to pay Plaintiff's overtime wages, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and have incurred and will continue to incur attorneys' fees and costs in connection therewith.

37. Plaintiff pray that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's overtime wage compensation, including interest thereon, reasonable attorneys' fees, and costs of arbitration.

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

**SECOND CAUSE OF ACTION**

**Failure to Make Meal Periods Available in Violation of *Cal. Labor Code* § 512**

**(Against All Defendants)**

38. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

39. At all times relevant herein, C*alifornia Labor Code* sections 512, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

40. Under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

41. Also under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

42. Section 11 of the IWC Wage Order No. 5-2001 states in part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

43. Additionally, Section 11 of the IWC Wage Order No. 5-2001 states in part: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

44. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 512.

45. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

46. Plaintiff is informed and believes and thereon alleges that *California Labor Code* sections 512 and 226.7 and Section 11 of the IWC Wage Orders, were caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

47. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the willful and fraudulent wage theft violations of *California Labor Code* section 512.

48. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff's meal period wages, including interest thereon.

### THIRD CAUSE OF ACTION

### Failure to Make Rest Periods Available in Violation of *Cal. Labor Code* § 226.7

### (Against All Defendants)

49. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

50. At all times relevant herein, C*alifornia Labor Code* sections 226.7, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

51. Employees are entitled to a net rest period of at least ten (10) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday. *Cal. Lab. Code* § 226.7.

52. *California Labor Code* § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked.

53. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent wage theft violations of *California Labor Code* section 226.7.

54. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

55. Plaintiff is informed and believes and thereon alleges that *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders, were willfully caused to be violated by Defendant Cortez, who was acting as a managing agent of Defendants.

56. Accordingly, Defendants, as well as, Defendant Cortez can be held liable for the damages stemming from the violations of *California Labor Code* section 226.7 and Section 12 of the IWC Wage Orders. These violations were part of Defendants' and Defendant Cortez's fraudulent scheme of wage theft against Plaintiff.

57. Plaintiff prays that the Arbitrator award Plaintiff the unpaid balance of the full amount of Plaintiff' rest period wages, including interest thereon.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements in Violation *Cal. Labor Code* § 226
### (Against All Non-Individual Defendants)

58. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59. At all times relevant herein, *California Labor Code* § 226 is and was in full force and effect and were binding on Defendants.

60. Defendants, and each of them, were obligated under *Labor Code* § 226 and the applicable IWC Wage Order, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing nine specific categories of information.

61. Pursuant to *Labor Code* § 226(e)(1), Plaintiff is entitled to recover the greater of all actual damages or a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00, as well as, an award of costs and reasonable attorney's fees.

62. As set forth herein, Plaintiff was a victim of Defendants' deceitful wage statement practices to hide their fraudulent wage theft, which actions resulted in violations of *California Labor Code* section 226.

63. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 226, as well as, an award of arbitration costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties in Violation of *Cal. Labor Code* § 203

### (Against All Non-Individual Defendants)

64. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

65. At all times relevant herein, *California Labor Code* section 203 is and was in full force and effect and were binding on Defendants.

66. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is

– 13 –

discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Cal. Lab. Code* § 203(a).

67. "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Id.* at (b).

68. "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." *California Labor Code* § 218.5.

69. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* sections 201, 202, 203 and 208.

70. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 203, as well as, attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

**Failure to Provide Access to Records in Violation of *Cal. Labor Code* § 226(c)**

**(Against All Non-Individual Defendants)**

71. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

72. At all times relevant herein, C*alifornia Labor Code* section 226(c) is and was in full force and effect and was binding on Defendants.

73. "An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer." *Cal. Lab. Code* § 226(b).

74. "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as

soon as practicable, but no later than 21 calendar days from the date of the request." *Cal. Lab. Code* § 226(c).

75. "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." *Cal. Lab. Code* § 226(f).

76. "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees." *Cal. Lab. Code* § 226(h).

77. As set forth herein, Plaintiff was a victim of Defendants' willful and fraudulent violations of *California Labor Code* section 226(c). Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

78. Plaintiff prays that the Court award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 226(f) and (h).

## SEVENTH CAUSE OF ACTION

**Failure to Provide Access to Personnel File in Violation of *Cal. Labor Code* § 1198.5**

**(Against All Non-Individual Defendants)**

79. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

80. At all times relevant herein, C*alifornia Labor Code* section 1198.5 is and was in full force and effect and was binding on Defendants.

81. *California Labor Code* section 1198.5, subdivision (b) mandates than an employer who receives a written or oral request from an employee or former employee to inspect records pursuant to that section "shall" comply with the request within 30 days. *Cal. Lab. Code* §

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR ARBITRATION

1198.5(b).

82. Whenever an employer fails to comply with section 1198.5, the employee is entitled to recover a penalty of $750 from the employer. *Cal. Lab. Code* § 1198.5(k). In the event an employee must bring an action to ensure compliance with the code, he/she is entitled to recover attorney's fees. *Cal. Lab. Code* § 1198.5(1).

83. As set forth herein, Plaintiff was a victim of Defendants' willful violations of *California Labor Code* section 1198.5. Defendants' violations amounted to a deceitful attempt to hide evidence of their fraudulent wage theft against Plaintiff.

84. Accordingly, Defendants can be held liable for the damages stemming from the violations of *California Labor Code* section 1198.5.

85. Plaintiff prays that the Arbitrator award Plaintiff all penalties from Defendants and injunctive relief to ensure compliance with this section, and an award of arbitration costs and reasonable attorneys' fees pursuant to *California Labor Code* section 1198.5(k) and (l).

## **EIGHTH CAUSE OF ACTION**

### **Violations of *Cal. Bus. & Prof. Code* § 17200**

### **(Against All Non-Individual Defendants)**

86. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

87. At all times relevant herein, C*alifornia Business and Professions Code* § 17200 *et seq*. is and was in full force and effect and was binding on Defendants.

88. The Unfair Competition Law ("UCL"), which is codified under *California Business and Professions Code* § 17200 *et seq*. prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive, untrue or misleading advertising."

89. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct, Plaintiff has standing to sue in order to obtain the remedies that are available to Plaintiff under the UCL.

90. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *Bus. & Prof. Code* § 17203.

91. An action may be brought under the UCL by any person, corporation or association, or by any person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* § 17204.

92. A Plaintiff may bring § 17200 claim even when the underlying statutory violation does not provide the Plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th 832, 839.

**Unfair Conduct**

93. As set forth herein, Defendants engaged in a pattern of unfair, unlawful, deceitful and fraudulent business practices with respect to Plaintiff's employment in violation of *Bus. & Prof. Code* § 17200.

94. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the following, wrongful, improper, and unfair conduct:

a. Defendants unfairly failed to pay Plaintiff overtime wages due;

b. Defendants unfairly denied Plaintiff meal periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the meal periods; and

c. Defendants unfairly denied Plaintiff rest periods, and failed to pay Plaintiff the additional hour at their regular rate for denying the rest periods.

95.  Defendants' conduct also violated the "unfair" prong of the UCL because the utility of Defendants' actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on employees.

96.  Further, the public is led to believe that Defendant provides a fair, safe, and legally sufficient work environment for their employees and complies with California laws governing Labor and Employment issues, despite the fact that both of these impressions are untrue.  Instead, Defendants were practicing fraudulent wage theft.  Defendants' fraudulent pattern of wrongful, improper, and unlawful business practices is injurious to Defendants' employees and consumers alike.

**Unlawful Conduct**

97.  "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practices forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.,* 2 Cal.4th 377, 383 (1992).

98.  By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable.  *See Blanks v. Shaw,* 171 Cal. App. 4th 336, 363-64 (2009); *Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144, 1153 (2000).

99.  Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

a.  Violations of *Cal. Labor Code* § 510;

b.  Violations of *Cal. Labor Code* § 512; and

c.  Violations of *Cal. Labor Code* § 226.7.

100. The violation of these laws serves as unlawful predicate acts that constitute an overarching fraudulent scheme of wage theft resulting in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

– 18 –

101. Plaintiff are entitled to restitutionary damages which constitutes or results from all unpaid overtime wages, and the additional hours of pay at Plaintiff' regular rate for Defendants' failure to provide meal and rest periods.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant BRAIFORM ENTERPRISES INCORPORATED, and DOES 1 through 10, as follows:

1. All Damages owed to Plaintiff, including consequential and incidental financial losses, unpaid wages, restitution, liquidated damages, costs, attorneys' fees, and statutory damages;

2. All Civil penalties and relief allowed for Plaintiff under the *California Labor Code* and arising out of Defendants' violations of the same, not including representative penalties available under the Private Attorneys General Act;

3. Injunctive relief, arbitration costs and reasonable attorneys' fees;

4. Reasonable attorneys' fees, costs, and filing fees paid according to proof;

5. Post-judgment interest according to any applicable provision of law, and according to proof;

6. Costs and fees incurred as a result of the above-captioned action; and

7. Any additional, further relief as the Arbitrator deems proper.

Dated: April 13, 2020                    **JAIN LAW OFFICES, P.C.**

BY: _____
                                              Kunal Jain
                                     **Attorney for Plaintiff,**
                                     **MARIA TAPIA**

**AMERICAN ARBITRATION ASSOCIATION**

**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

To ensure your demand is processed promptly, please file online at **www.adr.org/support**. Complete this form, provide last known email addresses and include a copy of the Arbitration Agreement, Plan or Contract.

| | |
|---|---|
| **Mediation:** If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box ☑. | |

### Parties (Claimant)

Name of Claimant:  Maria Tapia

Address:  400 W. Baker Ave.; Apt. M1

| City:  Fullerton | State:  California | Zip Code:  92832 |
|---|---|---|
| Phone No.:  714-728-1674 | Fax No.: | |

Email Address:

Representative's Name (if known):  J.B. Twomey, Esq.; Kunal Jain, Esq.; James L. Hanger III, Esq.

Firm (if applicable):  J.B. Twomey Law; Jain Law Offices, P.C.

Representative's Address:  7056 Archibald Street, Suite 102-452

| City:  Corona | State:  California | Zip Code:  92880 |
|---|---|---|
| Phone No.:  310-980-6357; 310-957-2214 | Fax No.: | |

Email Address:  JB@JBTwomeyLaw.com; Kunal@JainLawOffices.com; James@JainLawOffices.com

### Parties (Respondent)

Name of Respondent:  BRAIFORM ENTERPRISES INCORPORATED

Address:  12 B GERBER ROAD

| City:  ASHEVILLE | State:  North Carolina | Zip Code:  28803 |
|---|---|---|
| Phone No.: | Fax No.: | |

Email Address:

Representative's Name (if known):  Drake Mirsch, Esq.; Julie O'Dell, Esq.

Firm (if applicable):  Lewis Brisbois

Representative's Address:  650 Town Center Drive, Suite 1400

| City:  Costa Mesa | State:  California | Zip Code:  92626 |
|---|---|---|
| Phone No.:  714-668-5549 | Fax No.: | |

Email Address:  Drake.Mirsch@LewisBrisbois.com; Julie.ODell@lewisbrisbois.com

Claim: What was/is the employee/worker's annual wage range?  ☑ Less than $100,000  ☐ $100,000-$250,000  ☐ Over $250,000
*Note: This question is required by California law.*

Amount of Claim:  Over $75,000

Claim involves:  ☑ Statutorily Protected Rights  ☑ Non-Statutorily Protected Rights

AMERICAN ARBITRATION ASSOCIATION

**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

In detail, please describe the nature of each claim. You may attach additional pages if necessary:

Failure to: Pay Overtime Wages (Cal. Labor Code ("CLC"))§§ 510 & 204.3); Make Meal Periods Available (CLC § 512); Make Rest Periods Available (CLC § 226.7); Provide Accurate Wage Statements (CLC § 226); Provide Access to Records (CLC § 226(c)); Provide Access to Personnel File (CLC § 1198.5); and for Violations of Cal. Bus. & Prof. Code § 17200 and for Waiting Time Penalties (CLC § 203)   ➕

Other Relief Sought: ☑ Attorneys Fees   ☑ Interest   ☑ Arbitration Costs   ☑ Punitive/ Exemplary
☑ Other:  Civil penalties and other relief as specified in accompanying Complaint in the Prayer section

Please describe the qualifications for arbitrator(s) to hear this dispute:

Arbitrator should be experienced with California wage and hour laws regarding overtime, meal and rest breaks, wage statements, record keeping requirements, and waiting time penalties.  Experience and familiarity with wage and hour law in the context of the Private Attorneys General Act ("PAGA") would be ideal.

Hearing: Estimated time needed for hearings overall:          hours  or  5                     days

Hearing Locale:  Los Angeles, CA

*(check one)* ☐ Requested by Claimant  ☑ Locale provision included in the contract

Filing Fee requirement or $300 (max amount per AAA)

Filing by Company: ☐ $2,200 single arbitrator ☐ $2,800 three arbitrator panel

Notice: To begin proceedings, **please file online at www.adr.org/fileonline.** You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

Signature (may be signed by a representative):

Date:
April 13, 2020

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-800-778-7879. If you have any questions regarding the waiver of administrative fees, AAA Customer Service can be reached at 1-800-778-7879. Please visit our website at www.adr.org/support to file this case online.

Home

# THANK YOU!

## YOUR AAA CASE NUMBER : 01-20-0004-9307

Thank you for choosing American Arbitration Association.
Please print a copy of this page for your record.

Print

Basic Filing Information:

James Hanger III
3109572214
James@JainLawOffices.com
Arbitration

| Filing Fee Charged | | Documents received on 2020-04-13 21:51:13.0 Eastern Time |
|---|---|---|
| | $0.00 | |

## What's Next
_____

• This acknowledges receipt of your documentation on 2020-04-13 21:51:13.0
Eastern Time. This notice does not constitute the AAA's initiation of the case or
satisfaction of all AAA administrative filing requirements. An email copy of this

receipt will be sent to <u>James@JainLawOffices.com</u> shortly.

- <u>DON'T FORGET</u> to send a copy of the completed form and any attachments to all parties and retain a copy of the form for your record.

- Your documentation will be reviewed and, if all filing requirements are met, assigned to a case manager who will be in contact with all parties. Should additional information or clarification be required you will be contacted by our case filing department.

- Once a case manager has been assigned, you will have access to the case at WebFile. If you do not see your case at that time, please contact <u>customerservice@adr.org</u>

- If you need assistance with your case before being contacted by your case manager, please contact our Case Filing Office at <u>casefiling@adr.org</u>

- Please be sure to reference your AAA case Number, as provided above.

- For additional information, please see the <u>applicable rules</u>

## PROOF OF SERVICE

### STATE OF CALIFORNIA

I am a resident of or employed in the county where the mailing took place.  At the time of service, I was at least 18 years old and not a party to this action.  My business address is: 10866 Wilshire Blvd., STE 400-#777, Los Angeles, California 90024.

On April 13, 2020, I served the following documents described as:

**PLAINTIFF TAPIA'S DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS**
**PLAINTIFF MORA'S DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS**
**PLAINTIFF RIOS' DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS**
**PLAINTIFF AMBRIZ'S DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS**

by placing true copies thereof enclosed in sealed envelopes and/or packages addressed to the persons listed in **SERVICE LIST** attached and

**[x]**   **BY ELECTRONIC MAIL**: Pursuant to an electronic service agreement between Plaintiff's and Defendants' counsel during the COVID-19 virus pandemic, I caused the herein described document(s) to be delivered electronically to the addressee(s), whose name(s) and electronic mail address(es) are set forth in the **SERVICE LIST** attached.

**[x]**   **BY MAIL**: in Pico Rivera, California, I placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this April 13, 2020, at Pico Rivera, California.

_____
James L. Hanger III

1

2

**SERVICE LIST**

3

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julie O'Dell, Esq.

4

Drake A. Mirsch, Esq.

5

650 Town Center Drive, Suite 1400
Costa Mesa, California 92626

6

7

Julie.ODell@lewisbrisbois.com
Drake.Mirsch@lewisbrisbois.com

8

*Attorneys for Defendants*

9

10

11

**J.B. TWOMEY LAW**
J.B. Twomey

12

7056 Archibald Street; STE 102-452
Corona, California 92880

13

14

JB@JBTwomeyLaw.com
*Co-counsel for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

April 23, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9307

Maria Tapia
-vs-
Braiform Enterprises Incorporated

Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA Employment Arbitration Rules and Employment Due Process Protocol, which can be found on our website, www.adr.org.

Under California law (the Ethics Standards for Neutral Arbitrators in Contractual Arbitration), upon the appointment of an arbitrator in consumer arbitrations, the AAA is required to disclose certain information regarding cases we have administered. Also, pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, consumer arbitrations.

The AAA relies on the information provided by the parties to fulfill its obligations under California law. Please take the time to review party names in the case caption (located under the case number at the top of this letter) and immediately advise me if any changes need to be made.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs. This waiver of fees does not include arbitrator fees and compensation. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. A consumer meeting these requirements must submit to the AAA a declaration under of oath regarding monthly income and the number of persons in the consumer's household. Please email me if you have any questions regarding the waiver of administrative fees.

In cases before a single arbitrator, a non-refundable filing fee of $300.00, is due from the employee when a claim is filed, unless the arbitration agreement provides that the employee pay less. A non-refundable fee of $1,900.00 is due from the employer, unless the arbitration agreement provides that the employer pay more.

Per the agreement submitted with this filing, the employer is responsible for payment of the full filing fee, $2,200.00. **Accordingly, we request that the employer submit payment in the amount of $2,200.00 on or before May 7, 2020.** Upon receipt of the balance of the filing fee, the AAA will proceed with administration.

**Payment is due on May 7, 2020. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by June 8, 2020 or the AAA will close the parties' case.  The AAA will not grant any extensions to this payment deadline.**

Please note payment should be submitted by credit card or electronic check. A secured paylink will be forthcoming with instructions to submit payment via either method.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the response deadlines when all fees have been received.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:
James L. Hanger III
Kunal Jain, Esq.
Julie O'Dell, Esq.



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

April 23, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9310

Hilda Ambriz
-vs-
Braiform Enterprises Incorporated

Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA Employment Arbitration Rules and Employment Due Process Protocol, which can be found on our website, www.adr.org.

Under California law (the Ethics Standards for Neutral Arbitrators in Contractual Arbitration), upon the appointment of an arbitrator in consumer arbitrations, the AAA is required to disclose certain information regarding cases we have administered. Also, pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, consumer arbitrations.

The AAA relies on the information provided by the parties to fulfill its obligations under California law. Please take the time to review party names in the case caption (located under the case number at the top of this letter) and immediately advise me if any changes need to be made.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs. This waiver of fees does not include arbitrator fees and compensation. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. A consumer meeting these requirements must submit to the AAA a declaration under of oath regarding monthly income and the number of persons in the consumer's household. Please email me if you have any questions regarding the waiver of administrative fees.

In cases before a single arbitrator, a non-refundable filing fee of $300.00, is due from the employee when a claim is filed, unless the arbitration agreement provides that the employee pay less. A non-refundable fee of $1,900.00 is due from the employer, unless the arbitration agreement provides that the employer pay more.

Per the agreement submitted with this filing, the employer is responsible for payment of the full filing fee, $2,200.00. **Accordingly, we request that the employer submit payment in the amount of $2,200.00 on or before May 7, 2020.** Upon receipt of the balance of the filing fee, the AAA will proceed with administration.

**Payment is due on May 7, 2020. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by June 8, 2020 or the AAA will close the parties' case.  The AAA will not grant any extensions to this payment deadline.**

Please note payment should be submitted by credit card or electronic check. A secured paylink will be forthcoming with instructions to submit payment via either method.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the response deadlines when all fees have been received.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:
James L. Hanger III
Kunal Jain, Esq.
Julie O'Dell, Esq.



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

April 23, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9309

Salvador Mora
-vs-
Braiform Enterprises Incorporated

Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA Employment Arbitration Rules and Employment Due Process Protocol, which can be found on our website, www.adr.org.

Under California law (the Ethics Standards for Neutral Arbitrators in Contractual Arbitration), upon the appointment of an arbitrator in consumer arbitrations, the AAA is required to disclose certain information regarding cases we have administered. Also, pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, consumer arbitrations.

The AAA relies on the information provided by the parties to fulfill its obligations under California law. Please take the time to review party names in the case caption (located under the case number at the top of this letter) and immediately advise me if any changes need to be made.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs. This waiver of fees does not include arbitrator fees and compensation. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. A consumer meeting these requirements must submit to the AAA a declaration under of oath regarding monthly income and the number of persons in the consumer's household. Please email me if you have any questions regarding the waiver of administrative fees.

In cases before a single arbitrator, a non-refundable filing fee of $300.00, is due from the employee when a claim is filed, unless the arbitration agreement provides that the employee pay less. A non-refundable fee of $1,900.00 is due from the employer, unless the arbitration agreement provides that the employer pay more.

Per the agreement submitted with this filing, the employer is responsible for payment of the full filing fee, $2,200.00. **Accordingly, we request that the employer submit payment in the amount of $2,200.00 on or before May 7, 2020.** Upon receipt of the balance of the filing fee, the AAA will proceed with administration.

**Payment is due on May 7, 2020. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by June 8, 2020 or the AAA will close the parties' case.  The AAA will not grant any extensions to this payment deadline.**

Please note payment should be submitted by credit card or electronic check. A secured paylink will be forthcoming with instructions to submit payment via either method.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the response deadlines when all fees have been received.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:
James L. Hanger III
Kunal Jain, Esq.
Julie O'Dell, Esq.



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

April 23, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9308

Lidia Rios
-vs-
Braiform Enterprises Incorporated


Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA Employment Arbitration Rules and Employment Due Process Protocol, which can be found on our website, www.adr.org.

Under California law (the Ethics Standards for Neutral Arbitrators in Contractual Arbitration), upon the appointment of an arbitrator in consumer arbitrations, the AAA is required to disclose certain information regarding cases we have administered. Also, pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, consumer arbitrations.

The AAA relies on the information provided by the parties to fulfill its obligations under California law. Please take the time to review party names in the case caption (located under the case number at the top of this letter) and immediately advise me if any changes need to be made.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs. This waiver of fees does not include arbitrator fees and compensation. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. A consumer meeting these requirements must submit to the AAA a declaration under of oath regarding monthly income and the number of persons in the consumer's household. Please email me if you have any questions regarding the waiver of administrative fees.

In cases before a single arbitrator, a non-refundable filing fee of $300.00, is due from the employee when a claim is filed, unless the arbitration agreement provides that the employee pay less. A non-refundable fee of $1,900.00 is due from the employer, unless the arbitration agreement provides that the employer pay more.

Per the agreement submitted with this filing, the employer is responsible for payment of the full filing fee, $2,200.00. **Accordingly, we request that the employer submit payment in the amount of $2,200.00 on or before May 7, 2020.** Upon receipt of the balance of the filing fee, the AAA will proceed with administration.

**Payment is due on May 7, 2020. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by June 8, 2020 or the AAA will close the parties' case.  The AAA will not grant any extensions to this payment deadline.**

Please note payment should be submitted by credit card or electronic check. A secured paylink will be forthcoming with instructions to submit payment via either method.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the response deadlines when all fees have been received.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:
James L. Hanger III
Kunal Jain, Esq.
Julie O'Dell, Esq.

# EXHIBIT 3

6/16/2020 Jain Law Offices, P.C. Mail - Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration
Case 8:19-cv-02434-JVS-DFM Document 16-1 Filed 06/16/20 Page 114 of 138 Page ID
#:308



Kunal Jain <kunal@jainlawoffices.com>

---

## Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration

**Mirsch, Drake** <Drake.Mirsch@lewisbrisbois.com>                     Mon, Apr 20, 2020 at 11:02 AM
To: Kunal Jain <kunal@jainlawoffices.com>
Cc: "O'Dell, Julie" <Julie.ODell@lewisbrisbois.com>

Kunal –


Are you available for a call before 1:30pm?




**Drake A. Mirsch**
**Attorney**
Drake.Mirsch@lewisbrisbois.com

**T: 714.668.5549  F: 714.850.1030**

650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** James Hanger [mailto:james@jainlawoffices.com]
**Sent:** Monday, April 13, 2020 8:27 PM
**To:** Mirsch, Drake; O'Dell, Julie
**Cc:** Kunal Jain; J.B. Twomey
**Subject:** [EXT] Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration


External Email

[Quoted text hidden]

# EXHIBIT 4

 **Gmail**

Kunal Jain <kunal@jainlawoffices.com>

---

## Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration

**Kunal Jain** <kunal@jainlawoffices.com>                                     Mon, Apr 20, 2020 at 11:51 AM
To: "Mirsch, Drake" <Drake.Mirsch@lewisbrisbois.com>
Cc: "O'Dell, Julie" <Julie.ODell@lewisbrisbois.com>, "J.B. Twomey" <jb@jbtwomeylaw.com>, James Hanger <james@jainlawoffices.com>

Dear Drake:

This email serves to memorialize our conversation from earlier today. As I understand it, Braiform is about to file for Bankruptcy (Chapter 7). As such, you requested that we stipulate to a stay of all Arbitration proceedings. As I explained, I will have to discuss that with my co-counsel Mr. Twomey. In addition, absent more information regarding the timing of the Bankruptcy, we likely could not stipulate. I also mentioned that it is our belief that PAGA claims are not dischargeable debts and we intend to pursue those to the fullest. You explained that your firm is not handling the Bankruptcy, and would direct me to the appropriate attorneys once you have more information.

Please let me know if this does not comport with your understanding of our discussion.

Best regards,
*Kunal Jain*
**Jain Law Offices, P.C.**
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Direct: 714-399-8469
Facsimile: 424-331-6817

www.JainLawOffices.com
Email: Kunal@JainLawOffices.com

*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*

[Quoted text hidden]

EXHIBIT 5



## Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration

**Mirsch, Drake** <Drake.Mirsch@lewisbrisbois.com>                                    Mon, Apr 20, 2020 at 11:53 AM
To: Kunal Jain <kunal@jainlawoffices.com>
Cc: "O'Dell, Julie" <Julie.ODell@lewisbrisbois.com>, "J.B. Twomey" <jb@jbtwomeylaw.com>, James Hanger <james@jainlawoffices.com>

Kunal –


To be clear, we are not sure what form the liquidation/insolvency proceeding will take.


Best,

Drake


---

**From:** Kunal Jain [mailto:kunal@jainlawoffices.com]
**Sent:** Monday, April 20, 2020 11:52 AM
**To:** Mirsch, Drake
**Cc:** O'Dell, Julie; J.B. Twomey; James Hanger
**Subject:** Re: [EXT] Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration



Dear Drake:

This email serves to memorialize our conversation from earlier today. As I understand it, Braiform is about to file for Bankruptcy (Chapter 7). As such, you requested that we stipulate to a stay of all Arbitration proceedings. As I explained, I will have to discuss that with my co-counsel Mr. Twomey. In addition, absent more information regarding the timing of the Bankruptcy, we likely could not stipulate. I also mentioned that it is our belief that PAGA claims are not dischargeable debts and we intend to pursue those to the fullest. You explained that your firm is not handling the Bankruptcy, and would direct me to the appropriate attorneys once you have more information.

Please let me know if this does not comport with your understanding of our discussion.


Best regards,

*Kunal Jain*
***Jain Law Offices, P.C.***
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Direct: 714-399-8469
Facsimile: 424-331-6817

www.JainLawOffices.com
Email: Kunal@JainLawOffices.com


*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*

On Mon, Apr 20, 2020 at 11:04 AM Kunal Jain <kunal@jainlawoffices.com> wrote:

> Certainly, feel free to call me
>
> 7143514441
>
> On Mon, Apr 20, 2020, 11:02 AM Mirsch, Drake <Drake.Mirsch@lewisbrisbois.com> wrote:
>
>> Kunal –
>>
>> Are you available for a call before 1:30pm?
>>
>> **Error! Filename not specified.**      **Drake A. Mirsch**
>> **Attorney**
>> **Drake.Mirsch@lewisbrisbois.com**
>>
>> **T: 714.668.5549  F: 714.850.1030**
>>
>> 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626  |  **LewisBrisbois.com**
>>
>> **Representing clients from coast to coast. View our locations nationwide.**
>>
>> This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.
>>
>> **From:** James Hanger [mailto:james@jainlawoffices.com]
>> **Sent:** Monday, April 13, 2020 8:27 PM
>> **To:** Mirsch, Drake; O'Dell, Julie
>> **Cc:** Kunal Jain; J.B. Twomey
>> **Subject:** [EXT] Tapia v. Braiform Enterprises- Service of Complaint; Demand for Arbitration
>>
>> External Email
>>
>> Hi Drake and Julie,
>>
>> Pursuant to our March 16, 2020 email correspondence agreeing to future electronic service in this matter, attached please find:
>>
>> PLAINTIFF TAPIA'S DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS;

PLAINTIFF MORA'S DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS;

PLAINTIFF RIOS' DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS;

PLAINTIFF AMBRIZ'S DEMAND FOR ARBITRATION; COMPLAINT FOR DAMAGES AND OTHER RELIEF; MUTUAL AGREEMENT TO ARBITRATE CLAIMS; and

PROOF OF SERVICE of same.

The above-referenced documents were filed online with the American Arbitration Association today and are also being mailed to your office via US Priority Mail.

Hope you and your families are doing well and staying safe.

Best regards,

-James
--

*James L. Hanger III*
**Jain Law Offices, P.C.**
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Facsimile: 424-331-6817

www.JainLawOffices.com
Email:  James@JainLawOffices.com

*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*



**LB-Logo_7c9c5bd0-0a1e-47b8-a3b1-a4b5cdfed8fa.png**
32K

# EXHIBIT 6

6/16/2020 Jain Law Offices Mail - Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.

Case 8:19-cv-02434-JVS-DFM Document 16-1 Filed 06/16/20 Page 128 of 138 Page ID
#:316



**Kunal Jain** <kunal@jainlawoffices.com>

## Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.

**Kunal Jain** <kunal@jainlawoffices.com>                                   Tue, Jun 16, 2020 at 3:38 PM
To: "Mirsch, Drake" <Drake.Mirsch@lewisbrisbois.com>
Cc: James Hanger <james@jainlawoffices.com>, "O'Dell, Julie" <Julie.ODell@lewisbrisbois.com>, "J.B. Twomey" <jb@jbtwomeylaw.com>

Dear Drake:

In view of Defendants' failure to pay fees, we request that you provide us with something showing us the insurance coverage in this matter.  Specifically, the type of coverage and limits of the same.

Best regards,
*Kunal Jain*
***Jain Law Offices, P.C.***
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Direct: 714-399-8469
Facsimile: 424-331-6817

www.JainLawOffices.com
Email: Kunal@JainLawOffices.com

*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*

On Wed, Jun 3, 2020 at 8:56 AM Mirsch, Drake <Drake.Mirsch@lewisbrisbois.com> wrote:
[Quoted text hidden]

# EXHIBIT 7

6/16/2020 — Jain Law Offices, P.C. Mail - Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.

Case 8:19-cv-02434-JVS-DFM Document 16-4 Filed 06/16/20 Page 124 of 138 Page ID #:318

 Gmail

Kunal Jain <kunal@jainlawoffices.com>

---

## Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.

**James Hanger** <james@jainlawoffices.com>                                  Tue, May 26, 2020 at 6:41 PM
To: Drake.Mirsch@lewisbrisbois.com, Julie.ODell@lewisbrisbois.com
Cc: "J.B. Twomey" <jb@jbtwomeylaw.com>, Kunal Jain <kunal@jainlawoffices.com>

Hi Drake,

I'm following up on the status of Defendant/employer Braiform Enterprises, Inc.'s payments of the arbitration fees required to move forward on the four arbitration proceedings filed by Plaintiffs/employees Tapia, Mora, Ambriz, and Rios.

As you know, on April 23, 2020, the Employment Filing Team of the American Arbitration Association (AAA) informed counsel for the parties via email (correspondence for all four arbitration proceedings attached hereto for your reference) that the due date for Defendant/employer's payment of such fees was May 7, 2020.  The arbitration proceedings cannot continue without Defendant/employer's payments.

If Defendant/employer does not issue the payments by June 8, 2020, then the AAA will close out each of the four arbitration proceedings.  As we are now less than two weeks from this close-out date, please advise on the status of Defendant/employer's payments.  If the AAA closes out the arbitration proceedings, then Plaintiffs/employees will have no choice but to continue pursuing their claims in federal court.

Also, as promised to my colleague Kunal, please update us on the status of your client's contemplated bankruptcy proceedings and provide the information for your client's bankruptcy counsel.

Best regards,
-James
--
*James L. Hanger III*
**Jain Law Offices, P.C.**
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Facsimile: 424-331-6817

www.JainLawOffices.com
Email:  James@JainLawOffices.com

*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*

---

**4 attachments**

 **AAA Correspondence Ambriz.pdf**
116K

 **AAA Correspondence Mora.pdf**
116K

 **AAA Correspondence Rios.pdf**
116K

 **AAA Correspondence Tapia.pdf**
116K

EXHIBIT 8



---

## Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.

---

**James Hanger** <james@jainlawoffices.com>                                   Mon, Jun 1, 2020 at 6:55 PM
To: Drake.Mirsch@lewisbrisbois.com, Julie.ODell@lewisbrisbois.com
Cc: "J.B. Twomey" <jb@jbtwomeylaw.com>, Kunal Jain <kunal@jainlawoffices.com>

Hi Drake,

I'm following up on my email from last week.  Please advise.

Thank you.
-James
[Quoted text hidden]

EXHIBIT 9



Kunal Jain <kunal@jainlawoffices.com>

## Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.

**Mirsch, Drake** <Drake.Mirsch@lewisbrisbois.com>           Wed, Jun 3, 2020 at 8:56 AM
To: James Hanger <james@jainlawoffices.com>, "O'Dell, Julie" <Julie.ODell@lewisbrisbois.com>
Cc: "J.B. Twomey" <jb@jbtwomeylaw.com>, Kunal Jain <kunal@jainlawoffices.com>

James –

Right now we don't have anymore information to provide.  Once we know more, we will let you know.



**Drake A. Mirsch**
**Attorney**
Drake.Mirsch@lewisbrisbois.com

**T:** 714.668.5549  **F:** 714.850.1030

650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626  **|  LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the
intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete
this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** James Hanger <james@jainlawoffices.com>
**Sent:** Monday, June 1, 2020 6:56 PM
**To:** Mirsch, Drake <Drake.Mirsch@lewisbrisbois.com>; O'Dell, Julie <Julie.ODell@lewisbrisbois.com>
**Cc:** J.B. Twomey <jb@jbtwomeylaw.com>; Kunal Jain <kunal@jainlawoffices.com>
**Subject:** [EXT] Re: Tapia, Mora, Ambriz, and Rios Arbitration Proceedings Against Braiform Enterprises, Inc.



Hi Drake,

I'm following up on my email from last week.  Please advise.

Thank you.

-James

On Tue, May 26, 2020 at 6:41 PM James Hanger <james@jainlawoffices.com> wrote:

> Hi Drake,
>
> I'm following up on the status of Defendant/employer Braiform Enterprises, Inc.'s payments of the arbitration fees required to move
> forward on the four arbitration proceedings filed by Plaintiffs/employees Tapia, Mora, Ambriz, and Rios.

As you know, on April 23, 2020, the Employment Filing Team of the American Arbitration Association (AAA) informed counsel for the parties via email (correspondence for all four arbitration proceedings attached hereto for your reference) that the due date for Defendant/employer's payment of such fees was May 7, 2020.  The arbitration proceedings cannot continue without Defendant/employer's payments.

If Defendant/employer does not issue the payments by June 8, 2020, then the AAA will close out each of the four arbitration proceedings.  As we are now less than two weeks from this close-out date, please advise on the status of Defendant/employer's payments.  If the AAA closes out the arbitration proceedings, then Plaintiffs/employees will have no choice but to continue pursuing their claims in federal court.

Also, as promised to my colleague Kunal, please update us on the status of your client's contemplated bankruptcy proceedings and provide the information for your client's bankruptcy counsel.

Best regards,
-James

--

*James L. Hanger III*
**Jain Law Offices, P.C.**
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Facsimile: 424-331-6817

www.JainLawOffices.com
Email:  James@JainLawOffices.com

*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*

--

*James L. Hanger III*
**Jain Law Offices, P.C.**
10866 Wilshire Blvd, Suite 400 - #777
Los Angeles, CA 90024
Business: 310-957-2214
Facsimile: 424-331-6817

www.JainLawOffices.com
Email:  James@JainLawOffices.com

*This message may contain privileged and confidential information. If it has been sent to you in error, kindly advise me of the error and immediately delete the message.*

# EXHIBIT 10

 INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

June 9, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9307

Maria Tapia
-vs-
Braiform Enterprises Incorporated

Dear Parties:

The employer has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the employee will be refunded under separate cover.

Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving Respondent. We ask that Respondent remove our name from its arbitration agreements so there is no confusion to the public.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc:
James L. Hanger III

Kunal Jain, Esq.
Julie O'Dell, Esq.



1101 Laurel Oak Road<br>Voorhees, NJ 08043<br>Telephone: (856)435-6401

June 9, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9310

Hilda Ambriz
-vs-
Braiform Enterprises Incorporated

Dear Parties:

The employer has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the employee will be refunded under separate cover.

Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving Respondent. We ask that Respondent remove our name from its arbitration agreements so there is no confusion to the public.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system.  Such electronic documents may not constitute a complete case file.  Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc:
James L. Hanger III

Kunal Jain, Esq.
Julie O'Dell, Esq.



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

June 9, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9309

Salvador Mora
-vs-
Braiform Enterprises Incorporated


Dear Parties:

The employer has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the employee will be refunded under separate cover.

Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving Respondent. We ask that Respondent remove our name from its arbitration agreements so there is no confusion to the public.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc:
James L. Hanger III

Kunal Jain, Esq.
Julie O'Dell, Esq.



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

June 9, 2020

J.B. Twomey, Esq.
J.B. Twomey Law
7056 Archibald Street
Suite 102-452
Corona, CA 92880
Via Email to: jb@jbtwomeylaw.com

Drake Mirsch, Esq.
Lewis Brisbois
650 Town Center Drive
Suite 1400
Costa Mesa, CA 92626
Via Email to: drake.mirsch@lewisbrisbois.com

Case Number: 01-20-0004-9308

Lidia Rios
-vs-
Braiform Enterprises Incorporated

Dear Parties:

The employer has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the employee will be refunded under separate cover.

Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving Respondent. We ask that Respondent remove our name from its arbitration agreements so there is no confusion to the public.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc:
James L. Hanger III

Kunal Jain, Esq.
Julie O'Dell, Esq.