**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
JULIE W. O'DELL, SB# 291083
  E-Mail: Julie.ODell@lewisbrisbois.com
DRAKE A. MIRSCH, SB# 328526
  E-Mail: Drake.Mirsch@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant
BRAIFORM ENTERPRISES, INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TAPIA, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; LIDIA RIOS, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; SALVADOR MORA, an individual, on behalf of himself, other current and former aggrieved employees, and the State of California, as a private attorneys general; HILDA AMBRIZ, an individual,<br><br>                    Plaintiffs,<br><br>             vs.<br><br>BRAIFORM ENTERPRISES INCORPORATED, a New York corporation; SPOTLESS ENTERPRISES INCORPORATED, a New York corporation; NERVA CORTEZ, an individual; and DOES 1 through 25, Inclusive,<br><br>                    Defendants. | CASE NO.: 8:19-CV-02434-JVS (DFMx)<br><br>**BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS**<br><br>*[Filed concurrently with Declaration of Drake A. Mirsch in Support]*<br><br>Judge:   Hon. James V. Selna<br>Date:    July 20, 2020<br>Time:    1:30 p.m.<br>Crtrm.:   10C<br><br>Action Filed: December 19, 2019<br>Trial Date:    None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendant Braiform Enterprises, Inc. ("Braiform")—an insolvent entity that has ceased operations—submits this non-opposition to Plaintiffs Motion to Lift Stay. However, because Braiform's failure to pay the arbitration fees resulted from economic conditions created by the coronavirus pandemic, Braiform opposes the imposition of any monetary sanctions. A court is not required to impose sanctions for failing to pay arbitration fees where "circumstances make the imposition of the sanction unjust." This is such a circumstance. Moreover, because Plaintiffs' counsel failed to meet and confer under Local Rule 7-3 prior to bringing the instant motion, Plaintiffs' request for monetary sanctions should be disregarded.

### II. Braiform's failure to pay the arbitration fees resulted from a COVID-19 induced insolvency.

Braiform manufactured and produced garment hangers for big-box retailers, such as Target Corporation. ECF No. 10, p. 4, lns. 5-7. It was headquartered in North Carolina, ECF No. 7-6, ¶ 2, and had offices in Fullerton, California. ECF No. 7-1, ¶ 2.

On March 25, 2020, this Court issued an order granting Braiform's motion to compel Plaintiff's claims to arbitration. ECF No. 15. The Order was issued at the time California and North Carolina were entering "stay at home" orders due to the ongoing coronavirus pandemic. The pandemic caused most of Braiform's global clients to temporarily or permanently cease trading. *See* Declaration of Drake A. Mirsch ("Mirsch Decl"), Exh. A. The impact to its business was catastrophic and it was left with no other option but to cease trading. *See id.* Consequently, only six days after the Order compelling arbitration was issued, Braiform ceased global operations, including in the United States, and laid off all of its staff. *See id.* As a result, Braiform did not have the resources to pay the $8,800 for all four of Plaintiff's individual arbitrations.

### III. Sanctions are not warranted under Code of Civil Procedure Section 1281.97

Senate Bill 707 was enacted to amend Code of Civil Procedure section 1280, *et seq.*, to provide employees with a range of new remedies in the event an employer "materially breaches" an arbitration agreement. *See* Code Civ. Proc. § 1280, *et seq.* The California Legislature enacted

these amendments to prevent employer's from using the "strategic non-payment of fees and costs" to severely prejudice an employee's ability to vindicate their rights. *See* Cal. Sen. Bill 707, § 1 (d) (2019) ("A company's strategic non-payment of fees and costs severely prejudices the ability of employees or consumers to vindicate their rights. This practice is particularly problematic and unfair when the party failing or refusing to pay those fees and costs is the party that imposed the obligation to arbitrate disputes.").

When an employer fails to pay arbitration fees, an employee may now choose to do any of the following: (1) withdraw from arbitration and proceed in court, or (2) compel arbitration and request the employer is required to pay the employees reasonable attorney's fees and costs of arbitration. *See* Code Civ. Proc. § 1281.99.  However, the Court need not impose monetary sanctions, if "the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Code Civ. Proc. § 1281.99(b).  In other words, sanctions are not mandatory, if the failure to pay the arbitration fees can be explained.

In the present case, the imposition of monetary sanctions would be "unjust." Code Civ. Proc. § 1281.99(b).  Braiform ceased global operations only six days after this court compelled Plaintiffs' claims to arbitration.  On April 20, 2020, Braiform's counsel informed Plaintiffs' counsel that Braiform would be pursuing a liquidation or bankruptcy. ECF No. 16-1, ¶ 5. Braiform opted not to pay the $8,800 in arbitration fees because it simply could not afford the costs.  Further, Braiform's closure was due to a global pandemic that has shuttered countless business across the country.  It should not be sanctioned for events beyond its control.  Sanctions in this instance would not further the purpose of Senate Bill 707, which was to prevent a "company's strategic non-payment of fees and costs."  Thus, this Court should find that "other circumstances make the imposition of the sanction unjust." Code Civ. Proc. § 1281.99(b).

### IV.  Plaintiffs' Counsel Failed to Meet and Confer Prior to Filing this Motion.

Civil Local Rule 7-3 requires the parties to meet and confer prior to the filing of any motion. L. R. 7-3.  In fact, Rule 7-3 states: "counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the

conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *See id.*

Here, while the parties discussed Braiform's financial condition and inability to pay the arbitration fees, Plaintiffs' counsel never attempted to meet and confer regarding the filing of the instant motion. In fact, a review of the Declaration of Kunal Jain indicates no conference or attempt to conference regarding the filing of this motion occurred. Plaintiffs' counsel merely asked about Braiform's insurance and ability to pay the arbitration fees, and advised that a motion might be required before the arbitration proceeding was even terminated. *See* ECF 16-1, ¶¶ 10-12. Had Plaintiffs' counsel expressly attempted to meet and confer regarding the filing of this motion, Braiform would have stipulated to lifting the stay. However, Plaintiffs' counsel made no such attempt.

Because Braiform does not contest lifting the stay in this instance, Plaintiffs' counsel's failure to meet and confer prior to bringing this motion should not act as a barrier to lifting the stay. However, the failure to properly meet and confer and satisfy the requirements of Local Rule 7-3 should be fatal to any request for monetary sanctions.

**V.     Conclusion**

Braiform does not oppose lifting the stay of the district court proceedings. However, because Braiform's failure to pay the arbitration fees resulted from economic pressures imposed by the coronavirus pandemic, and since Plaintiffs' counsel failed to meet and confer under Local Rule 7-3, monetary sanctions should not be imposed.

DATED: June 29, 2020                LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Drake A. Mirsch
Attorneys for Defendant BRAIFORM
ENTERPRISES INCORPORATED

# CERTIFICATE OF SERVICE

I, Mary Halverson, certify and declare on February 18, 2020, I electronically filed the foregoing documents: **BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 29, 2020, at Costa Mesa, California.

*/s/ Mary Halverson*
MARY HALVERSON