**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiffs,
        MARIA TAPIA, LIDIA RIOS, SALVADOR MORA, and HILDA AMBRIZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TAPIA, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; LIDIA RIOS, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general; SALVADOR MORA, an individual, on behalf of himself, other current and former aggrieved employees, and the State of California, as a private attorneys general; HILDA AMBRIZ, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>BRAIFORM ENTERPRISES | Case No.: 8:19-cv-02434-JVS-DFM<br>**Honorable James V. Selna**<br><br>**PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS**<br><br>**DATE: July 20, 2020 (For Calendaring Deadlines Only)**<br>**TIME:  1:30 p.m.**<br>**COURTROOM: 10C** |

INCORPORATED, a New York                )
corporation; and DOES 1 through 10,     )
Inclusive,                              )
                                        )
                    Defendants.          )

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT
STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

# TABLE OF CONTENTS

**INTRODUCTION**................................................................................................**1**

**ARGUMENT** ................................................................................................**2**

    I.    DEFENDANT'S FALSE STATEMENT OF CCP 1281.99 FAILS TO MAKE DEFENDANT'S JUSTIFICATIONS FOR NON-PAYMENT RELEVANT, THUS, MAKING MONETARY SANCTIONS NECESSARY IN THIS MATTER. .......................................................**2**

    II.   DEFENDANT ADMITS PLAINTIFFS MET AND CONFERRED WITH DEFENDANT AND REGARDLESS OF THE VEHICLE BY WHICH THE STAY IS LIFTED, THE REQUESTED MONETARY SANCTIONS ARE COMPULSORY ...................................................**4**

**CONCLUSION** ................................................................................................**7**

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

## <u>TABLE OF AUTHORITIES</u>

**<u>Rules</u>**

*Cal. Civ. Proc. Code* § 1281.97 ............................................................ 1, 2, 3, 4, 5, 7

*Cal. Civ. Proc. Code* § 1281.99 .................................................................. 1, 2, 3, 7

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT
STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

# INTRODUCTION

Braiform Enterprises, Inc. ("Defendant" or "Braiform") does not oppose Plaintiff's Motion for an Order Lifting the Stay.  Defendant does oppose this Court issuing the ***<u>mandatory</u>*** monetary sanctions resulting from Defendant's inaction, *i.e.*, failure to pay the arbitration fees.  Defendant's opposition, however, is based entirely on *legal and factual fiction*.

Defendant's Opposition knowingly presented a false statement of the law to this Court by intentionally carving up *Code of Civil Procedure* ("CCP") section 1281.99 when claiming, ". . . the Court need not impose monetary sanctions, if 'the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.' Code Civ. Proc. § 1281.99(b)."  (ECF No. 17, p. 3:10-13.)

Defendant's false statement of the law is all the more unfortunate, and confusing, given Defendant stepped onto that ledge for an impossibility: Avoiding CCP sections 1281.97 and 1281.99(a)'s inescapable monetary sanctions[1]: "The **court shall impose a monetary sanction** against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 . . . ."  CCP § 1281.99(a).

---

[1] Defendant did not argue against the law, *e.g.*, that CCP section(s) 1281.97 and/or 1281.99 is/are somehow preempted by the Federal Arbitration Act.  Rather, Defendant re-wrote CCP section 1281.99.

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

Also, contrary to Defendant's deceitful assertions regarding meeting and conferring, Plaintiffs' counsel met and conferred prior to filing this motion.  (ECF No. 16-1, pp. 124 and 126.)  In fact, Defendant's Opposition admits Plaintiffs' counsel met and conferred when stating: "Plaintiffs' counsel merely asked about Braiform's insurance and ability to pay the arbitration fees, **and advised that a motion might be required** before the arbitration proceeding was even terminated. *See* ECF 16-1, ¶¶ 10-12."  (ECF No. 17, p. 4:5-7) (emphasis added.)

Regardless, meeting and conferring is not a prerequisite to imposing the compulsory monetary sanctions requested in this matter.  If the parties had "stipulated to lifting the stay," as Defendant purports it was willing to do (ECF No. 17, p. 4:9-10), and this Court granted the same, the "action [would proceed] in a court of appropriate jurisdiction" and "the court shall impose sanctions on the drafting party in accordance with Section 1281.99."  CCP § 1281.97(d).

## ARGUMENT

## I. DEFENDANT'S FALSE STATEMENT OF CCP 1281.99 FAILS TO MAKE DEFENDANT'S JUSTIFICATIONS FOR NON-PAYMENT RELEVANT, THUS, MAKING MONETARY SANCTIONS NECESSARY IN THIS MATTER.

Defendant states: ". . . the Court need not impose monetary sanctions, if 'the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.' Code Civ.

2

Proc. § 1281.99(b)."  (ECF No. 17, p. 3:10-13.)  Defendant then concludes, "In other words, sanctions are not mandatory, if the failure to pay the arbitration fees can be explained."  (ECF No. 17, p. 3:13-14.)

In other words, Defendant does not believe candor toward this tribunal is mandatory, and a false statement of law is warranted when protecting against compulsory monetary sanctions.  What follows is CCP section 1281.99(b) with Defendant's egregious omission emphasized in bold:

> **In addition to the monetary sanction described in subdivision (a), the court may order any of the following sanctions against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98**, unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

CCP § 1281.99(b).

CCP section 1281.99(b) then lists the various sanctions that are subject to the "substantial justification" or "unjust" standards that are "[i]n addition to the monetary sanction described in subdivision (a) . . . ."  *Id*.  Plaintiffs are not seeking sanctions subject to the "substantial justification" or "unjust" standards; therefore, any and all justification(s) for Defendant's material breach of the arbitration agreements is/are irrelevant, and should be disregarded by this Court.

Plaintiffs are seeking the following compulsory monetary sanctions:

> The **court shall impose a monetary sanction** against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach.

*Id*. at (a).

Defendant materially breached the arbitration agreements by failing to pay the arbitration fees (ECF No. 16-1, pp. 131-138.)  Therefore, Plaintiff respectfully requests this Court award Plaintiffs the requested monetary sanctions, and take all action the Court deems necessary and proper in response to Defendant's knowingly presenting a false statement of the law to this Court.

## II. DEFENDANT ADMITS PLAINTIFFS MET AND CONFERRED WITH DEFENDANT AND REGARDLESS OF THE VEHICLE BY WHICH THE STAY IS LIFTED, THE REQUESTED MONETARY SANCTIONS ARE COMPULSORY

Defendant's Opposition admits a meet and confer regarding this motion:

> [A] review of the Declaration of Kunal Jain indicates no conference or attempt to conference regarding the filing of this motion occurred. Plaintiffs' counsel merely asked about Braiform's insurance and ability to pay the arbitration fees, **and advised that a motion might be required** before the arbitration proceeding was even terminated.  *See* ECF 16-1, ¶¶ 10-12."

(ECF No. 17, p. 4:4-7) (emphasis added.)

It is no surprise, Defendant's Opposition stops one paragraph short of the

very paragraph in the Declaration of Kunal Jain that proves a portion of Defendant's above statement inaccurate.  Paragraph 13 of the Declaration of Kunal Jain states: "Mr. Hanger's May 26, 2020 email reiterated that the AAA's previous warning that a failure to pay the requisite fee by June 8, 2020 would result in the AAA closing Plaintiffs' cases, and explained such a closeout would leave Plaintiffs no choice but to file this motion."  (ECF No. 16-1, p. 4 ¶ 13.)

Defendant's unwillingness to pay the arbitration fees terminated the arbitration proceedings (ECF No. 16-1, pp. 131-138), necessitating a return to this Court, initiated by either of the following endeavors: (1) noticed motion, or (2) joint stipulation of the parties.

If Braiform's March 31, 2020 letter to its colleagues proves Defendant's inability to pay the arbitration fees, it also proves Defendant was aware of this inability on March 31, 2020.  (ECF 17-2, pp. 2 and 3.)

Nearly one month later, on April 23, 2020, AAA sent Defendant notices declaring, *inter alia*, the arbitration fees were due May 7, 2020.  (ECF 16-1, pp. 105-112.)  Defendant did not pay.  Defendant did not seek a joint stipulation to lift the stay.  Defendant did nothing.

The notices further identified the exact CCP section under which Plaintiff's request for monetary sanctions originates, *i.e.*, 1281.97, while also identifying June 8, 2020 as the final day for payment.  (ECF 16-1, pp. 105-112.)  James Hanger

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

reminded Defendant of the preceding on May 26, 2020, while also informing Defendant a failure to pay will result in Plaintiffs having no choice "but to continue pursuing their claims in federal court." (ECF 16-1, p. 124.) Defendant did not pay. Defendant did not seek a joint stipulation to lift the stay. Defendant did not reply to Mr. Hanger's email regarding the requirement for a motion. Defendant did nothing.

On June 1, 2020, James Hanger followed up his May 26, 2020 email (ECF 16-1, p. 126), to which Defense counsel replied: "Right now we don't have anymore information to provide. Once we know more, we will let you know." (ECF 16-1, p. 128.)

On the final arbitration fee due date, June 8, 2020, Defendant did not pay. (ECF No. 16-1, pp. 131-138.) On June 8, 2020, Defendant did not seek a joint stipulation to lift the stay. On June 8, 2020, Defendant did not provide any more information. On June 8, 2020, Defendant did nothing.

From June 9, 2020 through June 15, 2020, Defendant did not seek a joint stipulation to lift the stay. From June 9, 2020 through June 15, 2020, Defendant did not provide additional information. From June 9, 2020 through June 15, 2020, Defendant did nothing. Thus, on June 16, 2020, Plaintiffs were left with no choice but to file their Motion to Lift the Stay and request for an award of monetary sanctions.

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

**On June 29, 2020, Defendant's Opposition to the monetary sanctions proclaimed a long after-the-fact willingness to enter into a joint stipulation to lift the stay (ECF No. 17, p. 4:9.)  If the Court granted such a stipulation, the compulsory monetary sanctions would still be imposed because the "action [would proceed] in a court of appropriate jurisdiction" and "the court shall impose sanctions on the drafting party in accordance with Section 1281.99." CCP § 1281.97(d).**

Defendant materially breached the arbitration agreements by failing to pay the arbitration fees (ECF No. 16-1, pp. 131-138.)  Plaintiffs met and conferred about the necessity for this motion should Defendant fail to pay the arbitration fees.  (ECF 16-1, pp. 124 and 126; ECF No. 17, p. 4:4-7.)   From March 31, 2020 through June 28, 2020, Defendant refused to reply or engage in any discussion whatsoever.  Plaintiff met its obligation to meet and confer, but Defendant refused to respond.

## CONCLUSION

Based on the foregoing and all information before this Court, Plaintiffs respectfully request this Court lift the stay, toll the statute of limitations as to each Plaintiff's claims as requested, and order Defendant pay $10,000.00 in monetary sanctions as required by CCP section 1281.99(a) and that all awarded sanctions be

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

paid within thirty (30) days.

Plaintiffs further request this Court take all action it deems necessary and proper in response to Defendant's knowing representation of a false statement of the law to this Court.

Dated:   July 6, 2020                          Respectfully submitted,
                                               **JAIN LAW OFFICES, P.C.**


                                               s/KunalJain
                                               Kunal Jain
                                               James Hanger
                                               Attorneys for Plaintiffs
                                               Maria Tapia, Salvador Mora,
                                               Lidia Rios, and Hilda Ambriz

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS

**CERTIFICATE OF SERVICE**
CENTRAL DISTRICT OF CALIFORNIA
*Maria Tapia, et. al. vs. Braiform Enterprises Incorporated*

The undersigned certifies that on July 6, 2020, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system.  Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

s/ Kunal Jain
Kunal Jain

PLAINTIFFS' REPLY TO BRAIFORM ENTERPRISES, INC.'S NON-OPPOSITION TO MOTION TO LIFT STAY; AND OPPOSITION TO REQUEST FOR SANCTIONS