UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2434 JVS (DFMx) | Date | July 17, 2020 |
| Title | Maria Tapia, et al. v. Braiform Enterprises, Inc. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion to Lift Stay and for Sanctions</u>**

    Plaintiffs Maria Tapia ("Tapia"), Lidia Rios ("Rios"), Salvador Mora ("Mora"), and Hilda Ambriz ("Ambriz") (collectively, "Plaintiffs") move for an order lifting the stay and finding Defendant Braiform Enterprises, Inc. ("Braiform") in default of arbitration. Mot., Dkt. No. 16. Braiform filed a notice of non-opposition to the motion to lift the stay, but opposed the imposition of monetary sanctions. Opp'n, Dkt. No. 17. Plaintiffs replied. Reply, Dkt. No. 18.

    For the following reasons, the Court **GRANTS** the motion to lift the stay and **GRANTS** the motion for sanctions.

## I. BACKGROUND

### A.   Factual Allegations

    Braiform is a New York corporation that does business in California. Compl. ¶ 1. Plaintiffs are former employees of Braiform who reside in California. Id. ¶¶ 3-6. Plaintiffs also bring this on behalf of other employees aggrieved in a similar manner. Id. ¶ 8. Tapia and Ambriz were employed by Braiform from December 2014 until August 2019. Id. ¶ 23, 26. Rios was employed from 2016 until August 2019. Id. ¶ 24. Mora was employed from early 2018 until early 2019. Id. ¶ 25. All Plaintiffs were non-exempt employees. Id. ¶¶ 23-26. As part of their employment, Plaintiffs entered into arbitration agreements with Braiform.

    Braiform provided a compensation structure that included non-discretionary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2434 JVS (DFMx) | Date | July 17, 2020 |
| Title | **Maria Tapia, et al. v. Braiform Enterprises, Inc**. | | |

bonuses, but, according to Plaintiffs, these were not taken into account when determining overtime pay. Compl. ¶¶ 27-30. As a result, Plaintiffs were deprived of their proper overtime wages, and compensation for time off. Id. ¶ 29. Plaintiffs were likewise provided inaccurate wage statements. Id. ¶¶ 31-32.

On occasion, Plaintiffs allege Braiform also failed to provide required meal and rest periods, and did not provide premium or penalty pay when this would occur. Id. ¶ 33, 36. Braiform also refused to permit Plaintiffs to access the bathroom except during these periods, when provided. Id. ¶¶ 34-35.

On May 31, 2019, Rios and Mora allegedly sent Braiform a written request for Braiform to produce their personnel files and itemized payroll statements. Id. ¶ 39. Tapia did the same on June 3, 2019, and Ambriz did so on October 31, 2019. Id. ¶¶ 40-41. Braiform supplied electronic versions which allegedly differ from their hard copy versions. Id. ¶ 42. On June 14, 2019, Tapia, Rios, and Mora sent a notice to Braiform and the Labor and Workforce Development Agency ("LWDA") of the violations alleged. Because the LWDA did not provide notice of an investigation, Plaintiffs brought this civil action. Id. ¶¶ 47-48.

Plaintiffs allege nine causes of action: (1) failure to pay overtime wages; (2) failure to make meal periods available; (3) failure to make rest periods available; (4) failure to provide accurate wage statements; (5) waiting time penalties; (6) failure to provide access to records; (7) failure to provide access to personnel file; (8) unfair competition; and (9) violation of Cal. Lab. Code § 2698, et seq. Id. ¶¶ 49-195.

**B.    Procedural History**

Plaintiffs filed their Complaint on December 17, 2019. Compl., Dkt. No. 1.

On March 25, 2020, the Court granted Braiform's motion to compel arbitration as to the individual claims. Order, Dkt. No. 15. The Court also granted the motion to stay the PAGA claims. The Court denied the motion to dismiss the individual claims, and stayed these claims with the PAGA claim pending arbitration.

On March 31, 2020, Braiform ceased its global operations, including those in the United States, and laid off all of its staff. Declaration of Drake Mirsch ("Mirsch Decl."),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2434 JVS (DFMx) | Date | July 17, 2020 |
| Title | Maria Tapia, et al. v. Braiform Enterprises, Inc. | | |

Dkt. No. 17-1 ¶ 2, Ex. 1.

## II. LEGAL STANDARD

California Code of Civil Procedure § 1281.97 states:

(a) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.

(b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following:

    (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.

    (2) Compel arbitration in which the drafting party *shall pay* reasonable attorney's fees and costs related to the arbitration.

(c) If the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction under paragraph (1) of subdivision (b), the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum.

(d) If the employee or consumer proceeds with an action in a court of appropriate jurisdiction, the court *shall* impose sanctions on the drafting party in accordance with Section 1281.99.

Under California Code of Civil Procedure § 1281.99(a), "[t]he court *shall* impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2434 JVS (DFMx) | Date | July 17, 2020 |
| Title | Maria Tapia, et al. v. Braiform Enterprises, Inc. | | |

1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach."

### III. DISCUSSION

**A.    Motion to Lift the Stay**

Braiform filed a notice of non-opposition to Plaintiffs' motion to lift the stay. The Court deems Braiform's choice not to oppose the motion as consent to the granting of the motion. See Local Rule 7-9 (requiring the filing of an opposition brief or a statement of non-opposition no later than 21 days before hearing date); Local Rule 7-12 (failure to file an opposition may be deemed consent to the granting of a motion). The Court **grants** Plaintiffs' motion to lift the stay.

**B.    Sanctions**

Plaintiffs are entitled to their reasonable attorneys' fees under California Code of Civil Procedure §§ 1281.97(d) and 1281.99(a). Braiform argues that the Court may decline to impose sanctions under § 1281.99(b), but that subsection is not applicable here and ignores the import of § 1291.99(a), which unquestionably applies. See Opp'n at 2.[1]

Defendants failed to pay the fees required to initiate the arbitration by the May 7, 2020 deadline. Declaration of Kunal Jain ("Jain Decl.") ¶ 11. Counsel for Plaintiffs warned Braiform that the failure to pay the requisite fees would result in AAA closing Plaintiffs' case, and would leave Plaintiffs with no choice but to seek relief in federal court. Id. ¶ 13, Ex. 7. On June 9, 2020, AAA issued notice that Plaintiffs' cases were closed for failure to pay fees. Id. ¶ 17, Ex. 10.

Plaintiffs detail the fees that they incurred as a result of Braiform's failure to pay fees and initiate arbitration. Id. ¶¶ 18-21. Plaintiffs' counsel declare that they spent approximately 28 hours total as a result of Braiform's breach, or seven hours for each of the Plaintiffs. Id. ¶ 22. They state that a reasonable hourly rate for their time is $450 per

---

[1] Braiform also argues that Plaintiffs did not comply with Local Rule 7-3. Opp'n at 2-3. The Court declines to rule based on this procedural objection and decides the motion on its merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-2434 JVS (DFMx)            Date   July 17, 2020

Title   **Maria Tapia, et al. v. Braiform Enterprises, Inc**.

hour. Id. ¶ 24. Accordingly, the attorneys' fees resulting from Defendant's breach of the Arbitration Agreement are more than $2,500 for each Plaintiff. Id. They request $10,000, which the Court finds to be reasonable. Id.

The Court finds that Braiform is in breach of the parties' Arbitration Agreements. Braiform shall pay Plaintiffs $10,000 in fees.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to lift the stay and **GRANTS** the motion for sanctions. Braiform shall pay $10,000 in fees within 30 days.

The Court finds that oral argument would not be helpful in this matter and **vacates** the July 20, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

:   0

Initials of Preparer   lmb/rrp

CC: FISCAL